UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
ROBERT A. STROMSTED,                :
                                    :
            Plaintiff,              :   Case No.: 1:11-cv-02023-AKH
                                    :
      vs.                           :   ECF CASE
                                    :
HNTB CORPORATION,                   :
                                    :
            Defendant.              :
                                    :
------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO DISMISS

Suzanna Morales   SDNY Bar #SM-0629
LATHROP & GAGE LLP
230 Park Avenue, Suite 2400
New York, NY 10169
Telephone: (212) 850-6251
Facsimile:  (212) 850-6221
smorales@lathropgage.com

Michael J. Abrams  MO Bar #42196
Michael Lee        MO Bar #63025
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone:  (816) 292-2000
Facsimile:  (816) 292-2001
mabrams@lathropgage.com
mlee@lathropgage.com

ATTORNEYS FOR DEFENDANT

## TABLE OF CONTENTS

FACTUAL BACKGROUND ........................................................................................ 1

ARGUMENT................................................................................................................ 4

I.    STANDARD APPLICABLE TO A MOTION TO DISMISS. ................................ 4

II.   PLAINTIFF'S ACTION SHOULD BE DISMISSED BECAUSE THE AGREEMENT CONTAINS A VALID AND ENFORCEABLE FORUM SELECTION PROVISION. ................................................................................. 4

III.  EVEN IF THE AGREEMENT WAS TERMINATED OR EXPIRED, THE AGREEMENT CONTAINS A SURVIVAL CLAUSE THAT RETAINS PLAINTIFF'S OBLIGATIONS UNDER THE COVENANT NOT TO COMPETE. ................................................................................................. 7

CONCLUSION ............................................................................................................ 8

EXHIBIT A, PLAINTIFF'S COMPLAINT ....................................................... ATTACHED

Defendant HNTB Corporation ("HNTB" or "Defendant") respectfully submits this memorandum of law in support of its motion to dismiss the action brought by Robert A. Stromsted ("Plaintiff"). Plaintiff's action for injunctive and declaratory relief seeking to prevent HNTB from enforcing a valid employment agreement should be dismissed for the following reasons, fully discussed below:

- The employment agreement at issue contains a forum selection clause which is valid under applicable law. Plaintiff has brought the action in the incorrect forum, warranting dismissal.

- Even if the employment agreement is deemed terminated or expired, the agreement contains a survival clause that obligates Plaintiff to comply with the covenant not to compete.

## FACTUAL BACKGROUND

Plaintiff first became employed by HNTB on July 6, 2000, at which time Plaintiff executed an employment agreement. *See* **Exhibit A**, Plaintiff's Complaint, Exhibit A.

On August 13, 2005, Plaintiff was promoted to Senior Vice President. Upon Plaintiff's promotion, Plaintiff signed and executed the employment agreement at issue in this litigation ("the Agreement"). *See* **Exhibit A**, Plaintiff's Complaint, Exhibit B. The Agreement did not specify Plaintiff's duties as Senior Vice President other than those "assigned from time to time by the Corporation's Board of Directors . . . and any officers of the Corporation senior to the Officer."

The Agreement contains the following provision:

> **Covenant not to Compete.** The officer shall not directly or indirectly enter into or in any manner take part in any business, profession, or other endeavor that competes with the Corporation or any affiliate in the business of providing architecture, engineering, planning, design-build, or related professional services in those states where any projects for a client of the Corporation or any affiliate (or any prospective client to whom the Corporation or any affiliate has given an active proposal) is or will be

located, which project was proposed or worked on by the Corporation or any affiliate during the Officer's employment with the Corporation.

**Exhibit A**, Plaintiff's Complaint, Exhibit B, § 6(a)(iii). The covenant not to compete contained in the Agreement runs "during the term of his or her [Plaintiff's] employment with the Corporation *and* continuing for a period of two (2) years after termination of *employment* for any reason (whether voluntary or involuntary, and whether with or without cause)." **Exhibit A**, Plaintiff's Complaint, Exhibit B, § 6(a) (emphasis added).

The Agreement also contains a further survival clause that keeps in force certain provisions in the event the Agreement is terminated. The Agreement provides: "[t]he provisions of this Agreement regarding the rights and obligations of the parties after termination of employment shall survive and remain in full force and effect notwithstanding the termination of employment *or* this agreement." **Exhibit A**, Plaintiff's Complaint, Exhibit B, § 18 (emphasis added).

The Agreement also contains a choice of law and forum selection clause. The relevant provision states:

> **Governing Law**: The parties recognize that the Corporation was formed under the laws of the State of Delaware but hereby specify that this Agreement shall be governed under the laws of the State of Missouri excluding the conflicts of laws provisions thereof. Any dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri, and the parties hereto hereby irrevocably consent to personal jurisdiction in Jackson County, Missouri, and acknowledge the convenience and propriety of the venue.

**Exhibit A**, Plaintiff's Complaint, Exhibit B, § 11.

In 2009, Plaintiff was given the title of Chief Executive Officer (CEO). The change did not result in the execution of a new employment contract as the Agreement was still in effect.

On January 14, 2011, HNTB lawfully terminated Plaintiff's employment. In a letter sent that same date, HNTB reminded Plaintiff of his obligations under the Agreement, and specifically under the covenant not to compete. **Exhibit A**, Plaintiff's Complaint, Exhibit E.

In spite of Plaintiff's obligations under the Agreement, Plaintiff seeks to become employed by a competitor of HNTB, and seeks the Court's help in doing so. On March 14, 2011, Plaintiff filed an action seeking injunctive and declaratory relief to keep HNTB from enforcing the provisions of the Agreement. Though the Agreement contains a valid choice of law and forum selection clause requiring any action be brought in the Circuit Court of Jackson County, Missouri, Plaintiff originally brought this action in the Supreme Court of the State of New York, County of New York.

HNTB exercised its rights under 28 U.S.C. §§ 1441, *et seq.* and removed the action to the United States District Court for the Southern District of New York, where the case is now pending.

# ARGUMENT

## I. STANDARD APPLICABLE TO A MOTION TO DISMISS.

When deciding a motion to dismiss, the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 621 (S.D.N.Y. 2008). The court, "should not dismiss the complaint 'unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Prentice v. Apfel*, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998) (internal citations omitted). However, unsupported allegations and legal conclusions are not sufficient to defeat a motion to dismiss. *See Gavish v. Revlon, Inc.*, 2004 WL 2210269, *10 (S.D.N.Y. 2004). "In deciding a motion to dismiss, the Court may deem a complaint to include 'any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. . . .'" *Id.* at *11 (internal citation omitted).

## II. PLAINTIFF'S ACTION SHOULD BE DISMISSED BECAUSE THE AGREEMENT CONTAINS A VALID AND ENFORCEABLE FORUM SELECTION PROVISION.

Plaintiff's action should be dismissed because it has been brought in the improper venue, as Plaintiff has contractually agreed that all disputes pertaining to the Agreement or Plaintiff's employment with HNTB must be brought in the Circuit Court of Jackson County, Missouri.

Section 11 of the Agreement provides as follows:

> **Governing Law**: The parties recognize that the Corporation was formed under the laws of the State of Delaware but hereby specify that this Agreement shall be governed under the laws of the State of Missouri excluding the conflicts of laws provisions thereof. Any dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri, and the parties hereto hereby

>   irrevocably consent to personal jurisdiction in Jackson County, Missouri, and acknowledge the convenience and propriety of the venue.

**Exhibit A**, Plaintiff's Complaint, Exhibit B, § 11.

Under New York law, contractual forum selection clauses are presumptively valid and enforceable. "There exists a strong presumption favoring enforcement of freely negotiated choice of forum provisions." *Wells Fargo Century, Inc. v. Brown*, 475 F. Supp. 2d 368, 370–71 (S.D.N.Y. 2007). *See also*, *Major v. McCallister*, 302 S.W.3d 227, 229 (Mo. App. 2009) (the court, "should honor the forum selection clause unless it is unfair or unreasonable to do so.") (internal citations omitted). "A party seeking to prevent the enforcement of a forum selection clause 'bear[s] the heavy burden of making a 'strong showing' in order to overcome the presumption of validity.'" *Id.* (citing *Eslworldwide.com, Inc. v. Interland, Inc.*, 2006 WL 1716881, at *2 (S.D.N.Y. 2006). *See also*, *Major*, 302 S.W.3d at 229 ("[t]he party resisting [a forum selection] clause generally bears a heavy burden to show why it should not be held to its bargain.") (internal citations omitted).

Furthermore, when a dispute arises as to the validity of the contract as a whole, a forum selection clause may still be enforced. *See Thibodeau v. Pinnacle FX Investments*, 2008 WL 4849957, *1 (E.D.N.Y. 2008) (alleging fraud in the inducement with regards to the whole contract not sufficient to prevent enforcement of a forum selection clause contained within the agreement).

The Second Circuit has held that a paramount factor in evaluating a forum selection clause is a determination as to whether the clause is mandatory or permissive, that is, whether the parties are *required* to bring a suit in a given forum. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84 (2nd Cir. 2007). To make this determination, a court

5

scrutinizes the wording of the parties' agreement, applying principles of contractual interpretation. *See Boutari v. Attiki Importers,* 22 F.3d 51, 53 (2d Cir. 1994). Mandatory forum selection clauses, "should be enforced 'unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching.'" *Wells Fargo Century*, 475 F. Supp. 2d at 371.

The forum selection clause in the instant case is valid and enforceable under New York law. The language of the provision indicates that the forum selection provision is mandatory. The relevant portion of the clause reads: "*Any* dispute with respect to this Agreement or employment *shall be brought only* in the Circuit Court of Jackson County, Missouri." **Exhibit A**, Plaintiff's Complaint, Exhibit B, § 11 (emphasis added). The intentional use of the terms "any," "shall," and "only" indicate that the parties are required to bring any claims in the Circuit Court of Jackson County, making this a mandatory forum selection clause.

Additionally, Plaintiff's claim falls within the meaning of the clause. Plaintiff is disputing the validity of the Agreement. The claim challenging the validity of the Agreement is a "dispute with respect to this agreement or employment" triggering the forum selection provision. Furthermore, as established above, choice of law provisions apply to disputes over the existence and validity of the contract. *See Motorola Credit Corp.*, 388 F.3d at 50. Therefore, not only is the choice of law and forum selection provision mandatory, the instant litigation is the type of dispute covered by the provision.

III.   **EVEN IF THE AGREEMENT WAS TERMINATED OR EXPIRED, THE AGREEMENT CONTAINS A SURVIVAL CLAUSE THAT RETAINS PLAINTIFF'S OBLIGATIONS UNDER THE COVENANT NOT TO COMPETE.**

The Agreement contains two survival clauses that obligate Plaintiff to abide by the terms of the covenant not to compete in the event employment *or* the Agreement is terminated or expires. The Agreement provides: "[t]he provisions of this Agreement regarding the rights and obligations of the parties after termination of employment shall survive and remain in full force and effect notwithstanding the termination of employment or this agreement." **Exhibit A**, Plaintiff's Complaint, Exhibit B, § 18. Further, Section 6 specifically provides that the covenants against noncompetition continue for a period of "two years after termination of *employment* for any reason." (emphasis added).

If a contract is complete, clear, and unambiguous on its face, it must be enforced according to the plain meaning of its terms. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. on N.Y.*, 375 F.3d 168, 177–78 (2nd Cir. 2004). *See also, LaSalle Bank Nat. Ass'n v. Merrill Lynch Mortg. Lending, Inc.*, 2007 WL 2324052, *8 (S.D.N.Y. 2007) (same). Parties may validly contract for the survival of terms past the expiration or termination of the contract itself. *See New York Typographical Union No. 6 v. Bowne of New York City, Inc.*, 1990 WL 170352, *5 (S.D.N.Y. 1990) (discussing the survival of certain contractual rights and how disputes pertaining to those rights are to be resolved); *Westminster Securities Corp. v. Petrocom Energy Ltd.*, 2011 WL 166924, *6 (S.D.N.Y. 2011) (holding that an arbitration panel's enforcement and reading of a survival clause was proper); *Hughes v. Davidson-Hues*, 330 S.W.3d 114, 118–21 (Mo. App. 2010) (discussing the enforceability of a contractual survival clause).

7

In the instant case, the Agreement provides that, in the event the employment is terminated, the post-employment obligations of the parties survive. That these obligations continue is at the crux of a business's ability to protect itself from damaging practices following the termination of an employment relationship. The survival of post-employment obligations goes to the very nature of covenants not to compete. To hold that such obligations die with a contract would be to render those obligations and covenants meaningless.

Importantly, HNTB has been complying with its obligations, including severance payments, under the Agreement. *See* **Exhibit A**, Plaintiff's Complaint, Exhibit B, § 5. In the event the Agreement's provisions are deemed not enforceable, any obligation HNTB may have to continue such payments will cease.

## CONCLUSION

The employment agreement at issue contains a valid and enforceable forum selection provision, which Plaintiff has disregarded. In the event the Agreement is deemed terminated or expired, the Agreement's survival clause retains Plaintiff's obligations under the covenant not to compete. For these reasons, HNTB respectfully requests that this Court dismiss the action for injunctive and declaratory relief brought by Plaintiff.

Respectfully submitted,

LATHROP & GAGE LLP


By: *Suzanna Morales*
Suzanna Morales   SDNY Bar #SM-0629
230 Park Avenue, Suite 2400
New York, NY 10169
Telephone: (212) 850-6251
Facsimile: (212) 850-6221
smorales@lathropgage.com

Michael J. Abrams  MO Bar #42196
Michael Lee         MO Bar #63025
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
mabrams@lathropgage.com
mlee@lathropgage.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that, on this 25th day of March, 2011, the foregoing was electronically filed via the ECF Court filing system and also hand delivered to the below named counsel:

Steven A. Berger
Thomas E. Hone
Berger & Webb, LLP
1633 Broadway, 46th Floor
New York, NY 10019

And also at:

Berger & Webb, LLP
7 Times Square, 27th Floor
New York, NY 10036

_____
Attorney for Defendant