UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| ROBERT A. STROMSTED, | : | |
| | : | |
| Plaintiff, | : | Case No.: 11-cv-02023-AKH |
| | : | |
| vs. | : | ECF CASE |
| | : | |
| HNTB CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION**

Suzanna Morales   SDNY Bar #SM-0629
LATHROP & GAGE LLP
230 Park Avenue, Suite 2400
New York, NY 10169
Telephone: (212) 850-6251
Facsimile:  (212) 850-6221
smorales@lathropgage.com

Michael J. Abrams  MO Bar #42196
(admission *pro hac vice* pending)
Michael Lee       MO Bar #63025
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone:  (816) 292-2000
Facsimile:  (816) 292-2001
mabrams@lathropgage.com
mlee@lathropgage.com

ATTORNEYS FOR DEFENDANT

## TABLE OF CONTENTS

FACTUAL BACKGROUND ..................................................................................................1

ARGUMENT .......................................................................................................................3

    I.    THE APPLICABLE STANDARD FOR A PRELIMINARY INJUNCTION ..................................................................................................3

    II.    PLAINTIFF'S RESPONSE TO HNTB'S PENDING MOTION TO DISMISS ..................................................................................................4

    III.    PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE PLAINTIFF'S MOTION SEEKS AFFIRMATIVE RELIEF AS OPPOSED TO MAINTAINING THE STATUS QUO ..................................................................................................6

    IV.    PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS ..................................................................................................8

        A.    PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS BECAUSE THE AGREEMENT IS STILL VALID AND ENFORCEABLE ..................................................................................................8

        B.    PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS BECAUSE A REASONABLE COVENANT NOT TO COMPETE IS ENFORCEABLE ..................................................................................................11

    V.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT ESTABLISHED IRREPARABLE INJURY OR THAT THE BALANCE OF HARMS WEIGHS IN PLAINTIFF'S FAVOR ..................................................................................................12

CONCLUSION ..................................................................................................14

EXHIBIT A, AFFIDAVIT OF JOHN K. PRUTSMAN IN SUPPORT OF DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION....................................ATTACHED

EXHIBIT B, AFFIDAVIT OF PAUL YAROSSI IN SUPPORT OF DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION....................................ATTACHED

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Pamcor, Inc. v. Klote,*
   438 S.W.2d 287 (Mo. App. 1969) ............................................................................................11

*Armstrong v. Cape Girardeau Physician Associates,*
   49 S.W.3d 821 (Mo. App. 2001) ...............................................................................................11

*Cirese v. Spitcaufsky,*
   265 S.W.2d 753 (Mo. App. 1954) ...............................................................................................4

*Data Systems Computer Centre, Inc. v. Tempesta,*
   566 N.Y.S.2d 955 (N.Y.A.D. 2 Dept. 1991)................................................................................4

*Dataphase Sys., Inc. v. CL Sys., Inc.,*
   640 F.2d 109 (8th Cir. 1981) ................................................................................................3, 12

*Emerson Elec. Co. v. Rogers,*
   418 F.3d 841 (8th Cir. 2005) .......................................................................................................3

*Frank May Associates Inc. v. Boughton,*
   721 N.Y.S.2d 154 (N.Y.A.D. 3 Dept. 2001)..............................................................................13

*ISS Sales Corp. v. Bell,*
   366 N.Y.S.2d 67 (N.Y.A.D. 1975) .............................................................................................9

*Jackson v. Conway,*
   476 F. Supp. 896 (E.D. Mo. 1979)..............................................................................................6

*Lancaster Malleable Castings Co. v. Brundage, Story & Rose,*
   1994 WL 658402 (S.D.N.Y. 1994) ............................................................................................6

*Marion v. Hazelwood Farms Bakeries, Inc.,*
   969 F. Supp. 540 (E.D. Mo. 1997)............................................................................................13

*Naden v. Numerex Corp.,*
   593 F. Supp. 2d 675 (S.D.N.Y. 2009) ..................................................................................4, 12

*Rivera v. Gleason,*
   2010 WL 2294504 (W.D.N.Y. 2010) .........................................................................................4

*Shelbina Veterinary Clinic v. Holthaus,*
   892 S.W.2d 803 (Mo. App. E.D. 1995) ................................................................................9, 10

*State ex rel. Leonardi v. Sherry,*
   137 S.W.3d 462 (Mo. 2004) ..................................................................................................11

*State ex rel. Myers Memorial Airport Committee, Inc. v. City of Carthage,*
   951 S.W.2d 347 (Mo. App. 1997) ...........................................................................................4

*Thibodeau v. Pinnacle FX Investments,*
   2008 WL 4849957 (E.D.N.Y. 2008).........................................................................................5

*Washington County Memorial Hosp. v. Sidebottom,*
   7 S.W.3d 542 (Mo. App. 1999) ..............................................................................................11

*Wells Fargo Century, Inc. v. Brown,*
   475 F. Supp. 2d 368 (S.D.N.Y. 2007).......................................................................................5

*William v. Beheler,*
   499 S.W.2d 770 (Mo. 1973) ...................................................................................................11

**STATUTES**

28 U.S.C. §§ 1441, *et seq.*..............................................................................................................3

Defendant HNTB Corporation ("HNTB" or "Defendant") respectfully submits this memorandum of law in opposition to the motion for a preliminary injunction brought by Plaintiff Robert A. Stromsted ("Plaintiff"). As fully described below, Plaintiff's motion should be denied because Plaintiff's motion seeks affirmative relief instead of maintaining the status quo, Plaintiff cannot establish a likelihood of success on the merits, and Plaintiff has not provided an accurate representation regarding the balance of harms.

## FACTUAL BACKGROUND

Plaintiff first became employed by HNTB on July 6, 2000, at which time Plaintiff executed an employment agreement. Plaintiff's Complaint, Exhibit A.

On August 13, 2005, Plaintiff was promoted to Senior Vice President. Upon Plaintiff's promotion, Plaintiff signed and executed the employment agreement at issue in this litigation ("the Agreement"). Plaintiff's Complaint, Exhibit B. The Agreement did not specify Plaintiff's duties as Senior Vice President other than those "assigned from time to time by the Corporation's Board of Directors . . . and any officers of the Corporation senior to the Officer."

The Agreement contains the following provision:

> **Covenant not to Compete.** The Officer shall not directly or indirectly enter into or in any manner take part in any business, profession, or other endeavor that competes with the Corporation or any affiliate in the business of providing architecture, engineering, planning, design-build, or related professional services in those states where any projects for a client of the Corporation or any affiliate (or any prospective client to whom the Corporation or any affiliate has given an active proposal) is or will be located, which project was proposed or worked on by the Corporation or any affiliate during the Officer's employment with the Corporation.

Plaintiff's Complaint, Exhibit B, § 6(a)(iii). The covenant not to compete contained in the Agreement runs "during the term of his or her [Plaintiff's] employment with the

Corporation *and* continuing for a period of two (2) years after termination of *employment* for any reason (whether voluntary or involuntary, and whether with or without cause)." Plaintiff's Complaint, Exhibit B, § 6(a) (emphasis added).

The Agreement also contains a further survival clause that keeps in force certain provisions in the event the Agreement is terminated. The Agreement provides: "[t]he provisions of this Agreement regarding the rights and obligations of the parties after termination of employment shall survive and remain in full force and effect notwithstanding the termination of employment *or* this agreement." Plaintiff's Complaint, Exhibit B, § 18 (emphasis added).

The Agreement also contains a choice of law and forum selection clause. The relevant provision states:

> **Governing Law**: The parties recognize that the Corporation was formed under the laws of the State of Delaware but hereby specify that this Agreement shall be governed under the laws of the State of Missouri excluding the conflicts of laws provisions thereof. Any dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri, and the parties hereto hereby irrevocably consent to personal jurisdiction in Jackson County, Missouri, and acknowledge the convenience and propriety of the venue.

Plaintiff's Complaint, Exhibit B, § 11.

In 2009, Plaintiff was given the business title of Chief Executive Officer (CEO). The change did not result in the execution of a new employment contract as the Agreement was still in effect.

On January 14, 2011, HNTB lawfully terminated Plaintiff's employment. In a letter sent that same date, HNTB reminded Plaintiff of his obligations under the Agreement, and specifically under the covenant not to compete. Plaintiff's Complaint, Exhibit E.

In spite of Plaintiff's obligations under the Agreement, Plaintiff seeks to become employed by a competitor of HNTB, and seeks the Court's help in doing so. On March 14, 2011, Plaintiff filed an action seeking injunctive and declaratory relief to keep HNTB from enforcing the non-competition provisions of the Agreement. Though the Agreement contains a valid choice of law and forum selection clause requiring any action be brought in the Circuit Court of Jackson County, Missouri, Plaintiff originally brought this action in the Supreme Court of the State of New York, County of New York.

HNTB exercised its rights under 28 U.S.C. §§ 1441, *et seq.* and removed the action to the United States District Court for the Southern District of New York, where the case is now pending. On March 25, 2011, HNTB moved to dismiss the action on the grounds that the litigation must be brought in the Circuit Court of Jackson County, Missouri. Subsequently, Plaintiff moved for a preliminary injunction to prohibit HNTB from enforcing its valid covenant not to compete.

## ARGUMENT

**I.    THE APPLICABLE STANDARD FOR A PRELIMINARY INJUNCTION**

Missouri and New York have similar legal standards for a preliminary injunction. In Missouri, when determining whether to grant a preliminary injunction, the court considers the following factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm; (3) the balance between the threat of harm to the movant and the harm to other parties if the relief is issued; and (4) the public interest. *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). *See also, Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 844 (8th Cir. 2005) (same).

To prevail on a motion for a preliminary injunction under New York law, "[t]he moving party 'must establish that 1) absent injunctive relief, it will suffer irreparable

harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.'" *Naden v. Numerex Corp.*, 593 F. Supp. 2d 675, 680 (S.D.N.Y. 2009). Furthermore, "[a] party is not entitled to a temporary injunction, unless the right is plain from the undisputed facts. If the right depends upon an issue which can only be decided upon a trial, the injunction cannot be granted. Where the facts, as in the case at bar, are in sharp dispute, a temporary injunction will not be granted." *Data Systems Computer Centre, Inc. v. Tempesta*, 566 N.Y.S.2d 955, 956 (N.Y.A.D. 2 Dept. 1991) (internal citation omitted).

Importantly, under New York and Missouri law, the purpose of a preliminary injunction "is to preserve the status quo until the trial court adjudicates the merits of the claim for a permanent injunction." *State ex rel. Myers Memorial Airport Committee, Inc. v. City of Carthage*, 951 S.W.2d 347, 350 (Mo. App. 1997). *See also, Cirese v. Spitcaufsky*, 265 S.W.2d 753, 758 (Mo. App. 1954) ("[o]rdinarily, the sole purpose of a temporary injunction is to preserve the controversy in status quo until the merits of the controversy are adjudicated"); *Rivera v. Gleason*, 2010 WL 2294504, *1 (W.D.N.Y. 2010) ("[t]he typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits").

## II.   PLAINTIFF'S RESPONSE TO HNTB'S PENDING MOTION TO DISMISS

On March 25, 2011, HNTB moved to dismiss this case because Plaintiff brought the action in the incorrect forum and because the Agreement contains a survival clause that preserves Plaintiff's obligations under the covenant not to compete. Though Plaintiff has not responded to HNTB's motion to dismiss, Plaintiff argues against HNTB's motion

to dismiss in Plaintiff's motion for a preliminary injunction. Therefore, HNTB will briefly address Plaintiff's arguments, and direct the Court to HNTB's pending motion to dismiss for a full briefing on the issues.

The Agreement contains a forum selection clause mandating that any and all actions related to the Agreement or Plaintiff's employment be brought in the Circuit Court of Jackson County, Missouri. Plaintiff's Complaint, Exhibit B, § 11. Plaintiff has improperly brought the instant action in New York. In its motion for a preliminary injunction, Plaintiff argues that, "HNTB's forum selection clause argument fails because it assumes that [the Agreement] is still in effect." *See* Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction, page 11. Plaintiff's argument is without merit.

Under New York law, contractual forum selection clauses are presumptively valid and enforceable. "There exists a strong presumption favoring enforcement of freely negotiated choice of forum provisions." *Wells Fargo Century, Inc. v. Brown*, 475 F. Supp. 2d 368, 370–71 (S.D.N.Y. 2007). The forum selection clause provision states that "any dispute with respect to this Agreement or employment" shall be brought in the Circuit Court of Jackson County, Missouri.

In this suit, Plaintiff is alleging that the Agreement is not valid and enforceable. Therefore, this action, by its very nature, is a dispute with respect to the Agreement. Importantly, Plaintiff cannot claim that the Agreement is invalid and thereby avoid the forum selection clause because such a clause applies to whether the Agreement is valid and enforceable as a whole. *See Thibodeau v. Pinnacle FX Investments*, 2008 WL 4849957, *1 (E.D.N.Y. 2008) (alleging fraud in the inducement with regards to the whole

contract not sufficient to prevent enforcement of a forum selection clause contained within the agreement).

Additionally, HNTB argues in its motion to dismiss that Plaintiff's obligations under the covenants not to compete survive the expiration or termination of the Agreement because there is a survival clause which provides: "[t]he provisions of this Agreement regarding the rights and obligations of the parties after termination of employment shall survive and remain in full force and effect notwithstanding the termination of employment *or* this agreement." Plaintiff's Complaint, Exhibit B, § 18. (emphasis added).

In response, Plaintiff contends that HNTB's position fails because, Plaintiff alleges, the Agreement ended in 2009 and any applicable covenant not to compete is expired. However, Plaintiff misrepresents the language of the Agreement. The Agreement specifically provides that the covenants against noncompetition continue for a period of "two years after termination of *employment* for any reason." (emphasis added). Plaintiff's Complaint, Exhibit B, § 18. Therefore, the duration of the covenant is not expired because the covenant not to compete did not begin running until Plaintiff's employment was terminated.

### III. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE PLAINTIFF'S MOTION SEEKS AFFIRMATIVE RELIEF AS OPPOSED TO MAINTAINING THE STATUS QUO

"In general, a mandatory preliminary injunction at the preliminary stage of the proceedings should be granted only in rare instances where the facts and law are clearly in favor of the moving party, especially if the grant of the temporary injunction would in effect give the plaintiffs the relief which they seek in the main case." *Jackson v. Conway*, 476 F. Supp. 896, 902 (E.D. Mo. 1979). *See also, Lancaster Malleable Castings Co. v.*

*Brundage, Story & Rose*, 1994 WL 658402, *1 (S.D.N.Y. 1994) ("[t]he burden upon the moving parties is heightened when the movants . . . seek to disturb the status quo by ordering affirmative relief, as opposed to preserving the status quo by prohibiting the nonmovant from altering the status quo. . . . [A] somewhat higher standard is applied, under which the movant must show a substantial likelihood of success on the merits, rather than merely a likelihood of success").

Plaintiff's motion for a preliminary injunction does not seek to preserve the status quo. As evidenced by Plaintiff's motion, the status quo in this matter is that HNTB is enforcing the covenant not to compete contained within the Agreement, and that potential employers are respecting HNTB's position and refusing to hire Plaintiff. *See* Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, page 6.

Instead of maintaining the status quo, Plaintiff's motion essentially seeks the affirmative relief Plaintiff is demanding in the Complaint. Plaintiff's Complaint demands a judgment that will prevent HNTB from continuing to enforce the covenant not to compete and will allow Plaintiff to be employed by one of HNTB's competitors. Plaintiff's Complaint, page 6. Plaintiff's motion for a preliminary injunction seeks the same relief, altering the status quo. *See* Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction. That Plaintiff's motion seeks affirmative relief is important because it subjects the Plaintiff's motion to higher legal standard.

Plaintiff's motion for a preliminary injunction should be denied because it does not seek to maintain the status quo. Plaintiff essentially seeks the affirmative relief prayed for in the complaint. Not only does this request run counter to the purpose of a

preliminary injunction, it provides that Plaintiff's motion be subject to a higher standard, which, as provided below, Plaintiff cannot meet.

IV. **PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS**

    A. **PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS BECAUSE THE AGREEMENT IS STILL VALID AND ENFORCEABLE**

As provided above, Plaintiff's motion seeks affirmative relief and should be held to a higher standard; however, even under the normal standard, Plaintiff's motion should be denied because Plaintiff is unlikely to succeed on the merits in this matter.

Plaintiff contends that as of February 2009 he was no longer bound by the Agreement given that he became the CEO of HNTB. Under Plaintiff's reasoning the Agreement only applied during his tenure as Senior Vice President and expired upon Plaintiff receiving the title of CEO. Plaintiff has mischaracterized HNTB's system of business titles and designations. The business title of CEO and HNTB internal employment designation of Senior Vice President are not mutually exclusive. (Affidavit of John Prutsman ¶ 2 attached hereto as **Exhibit A**.) Under the HNTB system, Chief Executive Officer is a business title. (Prutsman Aff. ¶ 3). When Plaintiff was given the title of Chief Executive Officer he maintained his employment designation as Senior Vice President. (Prutsman Aff. ¶ 3). HNTB consistently utilized this system. (Prutsman Aff. ¶ 4). For instance, Ken Graham, the Chief Executive Officer of HNTB Infrastructure maintains the employment designation of Executive Vice President. (Prutsman Aff. ¶ 4). Terry Miller, the Chief Executive Officer of HNTB Architecture also maintains the employment designation of Senior Vice President. (Prutsman Aff. ¶ 4). Similarly, Terry Campbell, HNTB Holding's Chief Financial Officer, also maintains the Senior Vice

President employment designation. (Prutsman Aff. ¶ 4). John Kupke maintains the title of HNTB's Chief Operating Officer but holds the employment designation of Senior Vice President. (Prutsman Aff. ¶ 4). After receiving the business title of CEO Plaintiff continued to receive benefits under the terms of the Senior Vice President Agreement. (Prutsman Aff. ¶ 5).

Under applicable law, the Agreement and covenants not to compete are enforceable because the renegotiating of certain employment terms does not render an employment agreement invalid. In *ISS Sales Corp. v. Bell*, an employee signed an employment contract containing a covenant not to compete, and then four (4) years later executed a subsequent agreement that dealt with the employee's compensation. 366 N.Y.S.2d 67, 69 (N.Y.A.D. 1975). The later agreement contained language which provided, "[t]his agreement supersedes prior arrangements and will be in effect until any new agreement may be made." *Id.* Here, even though there was a new written contract which purported to supersede the original, the court found that the language of supercedance was too vague to conclude that the earlier contract was terminated. *Id.* Even where a new *written* employment agreement is executed, a covenant not to compete found in an original agreement may be enforced.

Similarly, in *Shelbina Veterinary Clinic v. Holthaus*, a former employer argued that when she and her former employer re-negotiated terms of her employment, including her salary, that acted to terminate the original employment contract, which contained a covenant not to compete. 892 S.W.2d 803, 805 (Mo. App. E.D. 1995). The court held: "Here, the evidence was that defendant renegotiated with plaintiff for a change in certain terms of the original contract, but did not renegotiate the terms of the non-competition

agreement contained therein. There was evidence from which the trial court could conclude that the original contract was modified, rather than being terminated or revoked." *Id.* Since the original contract was only modified as opposed to fully superseded or revoked, the employee was still bound by the covenant not to compete contained with the original agreement. *Id.*

Therefore, where certain terms of employment are modified, and even in cases where a new written agreement has been executed, a covenant not to compete from a prior agreement may be enforced.

In this case, Plaintiff was simply issued a new business title and the Agreement remained valid. At no point did Plaintiff lose his status as a Senior Vice President. Plaintiff states: "HNTB provided Mr. Stromsted with a job-specific employment agreement when he joined as Vice President in 2000, and another when he became a Senior Vice President in 2005, but failed to do so when he became the CEO in 2009." *See* Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, page 7. Plaintiff points out HNTB's practice of having employment agreements with its employees, including covenants not to compete. Plaintiff would have the Court believe that, in Plaintiff's case, HNTB broke with its long-standing practice of securing employment agreements, when in fact the actual reason Plaintiff was not presented with a new employment agreement was because Plaintiff did not give up his Senior Vice President status and the Agreement was still valid and enforceable.

B. **PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS BECAUSE A REASONABLE COVENANT NOT TO COMPETE IS ENFORCEABLE**

Plaintiff further argues that the covenant not to compete is void as a matter of law because, as Plaintiff alleges, he was terminated without cause. *Id.* at page 10. Plaintiff's argument fails under applicable law and the covenant not to compete is enforceable.

Covenants not to compete are enforceable to the extent that they are reasonable. *See Armstrong v. Cape Girardeau Physician Associates*, 49 S.W.3d 821, 825 (Mo. App. 2001). *See also, Washington County Memorial Hosp. v. Sidebottom*, 7 S.W.3d 542, 545 (Mo. App. 1999) (providing that covenants not to compete are enforceable if they are reasonable). Plaintiff attempts to avoid his obligations under the covenants by claiming that he was terminated without cause, and that the alleged termination renders his obligations void; however, this is not the case.

In an employment at will either party may unilaterally terminate the employment relationship and the employer may enforce the covenant not to compete against the former employee. Under Missouri law a covenant not to compete is valid even though the party terminating the relationship had not demonstrated good cause for doing so. *William v. Beheler,* 499 S.W.2d 770 (Mo. 1973) (*abrogated on other grounds by State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462 (Mo. 2004). *See also, American Pamcor, Inc. v. Klote*, 438 S.W.2d 287 (Mo. App. 1969) (holding that a covenant not to compete was enforceable against an employee who was "summarily discharged"). Similarly, Plaintiff was an at will employee who voluntarily entered into a contract containing a covenant not to compete, which HNTB may enforce.

This is not a case where HNTB quickly discharged Plaintiff after he signed the Agreement containing the covenant not to compete, destroying the mutuality of

obligation. Plaintiff was employed by HNTB for a total of approximately nine (9) years, and for approximately four (4) years after Plaintiff signed the Agreement. Though HNTB employed Plaintiff for such a long period of time, at a substantial salary, Plaintiff seeks to deny his obligations under a valid and enforceable covenant not to compete.

## V. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT ESTABLISHED IRREPARABLE INJURY OR THAT THE BALANCE OF HARMS WEIGHS IN PLAINTIFF'S FAVOR

Not only is it unlikely that Plaintiff will succeed on the merits in this case, Plaintiff has failed to establish irreparable injury or that the balance of harms weighs in Plaintiff's favor. *See Dataphase Sys., Inc.*, 640 F.2d at 113; *Naden*, 593 F. Supp. 2d at 680.

Plaintiff asserts that the balance of harms weighs greatly in his favor because Plaintiff, "would be forced to obtain a lower paying, less desirable job, while the marketplace of his expertise continues to advance without him." *See* Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, page 9. Plaintiff goes on to argue that, "[i]f Mr. Stromsted were permitted to earn a living in his profession, there is no reason to believe that HNTB—a billion dollar company—would suffer any meaningful harm at all." *Id.*

HNTB has a legitimate business interest in enforcing the noncompetition provisions of the Agreement. (Affidavit of Paul Yarossi ¶ 2 attached hereto as **Exhibit B**.) While employed at HNTB, Plaintiff was privy to significant confidential business strategies and trade secrets of HNTB. (Yarossi Aff. ¶ 3). The trade secrets included, but are not limited to, HNTB's methodology for business operations relating to construction projects and management of contractors. (Yarossi Aff. ¶ 4). Plaintiff was also privy to high level confidential business information relating to HNTB's corporate business

strategy. (Yarossi Aff. ¶ 5). In addition, while at HNTB Plaintiff developed and enhanced relationships with various significant customers. (Yarossi Aff. ¶ 6). Plaintiff's proposed employment with a competitor of HNTB could cause significant irreparable injury to HNTB in the form of loss of business of which the amount of damages would not be easily calculable. (Yarossi Aff. ¶ 7).

Numerous courts have held that when an employee goes to work for a competitor, substantial harm may occur to the former employer. *See Marion v. Hazelwood Farms Bakeries, Inc.*, 969 F. Supp. 540, 541–42 (E.D. Mo. 1997) ("[s]hould the Court decide not to enforce the covenants not to compete, the Defendants' employees would be free to work for the Defendants' competitors, taking with them knowledge of the Defendants' business practices, and perhaps even stealing some of the Defendants' business. The Court therefore concludes that threat of irreparable harm to the Defendants is substantial"); *Frank May Associates Inc. v. Boughton*, 721 N.Y.S.2d 154, 155 (N.Y.A.D. 3 Dept. 2001) (holding that substantial injury existed and balance of harms weighed in employer's favor where employee went to work for a competitor and solicited former employer's customers).

Here, HNTB seeks to protect its interests in a competitive field where customer contacts and relationships are significant. Plaintiff was a high level employee with HNTB, and as such possesses a great deal of knowledge about HNTB's business practices and customer relationships, knowledge that could be used to give HNTB's competitors a business advantage. Given the harm that would be suffered by HNTB, Plaintiff has not established that the balance of harms weighs in his favor. *See also, Marion*, 969 F. Supp. 540 (where former employee suffered harm from loss of possible

employment and former employer was harmed by effects of former employee working for a competitor, neither of these harms greatly outweighed the other).

Furthermore, Plaintiff misrepresents the balance of harms by failing to disclose the severance payments HNTB is making to Plaintiff. Plaintiff asserts that adhering to his obligations under the Agreement would be "tremendously burdensome and inequitable to Mr. Stromsted and his family from a financial point of view...." *See* Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, page 11. However, pursuant to the Agreement, Plaintiff received an initial severance payment equal to sixty (60) days worth of Plaintiff's compensation while Plaintiff was employed at HNTB. (Prutsman Aff. ¶ 6). This initial payment totaled $93,440.16. (Prutsman Aff. ¶ 6). Additionally, Plaintiff receives bi-monthly severance payments that will amount to seven (7) months worth of Plaintiff's compensation while Plaintiff was employed at HNTB. (Prutsman Aff. ¶ 7). Each bi-monthly payment is in the amount of $21,542.40. (Prutsman Aff. ¶ 7). Given the substantial payments being made to Plaintiff by HNTB, Plaintiff's financial situation does not tip the balance of harms in Plaintiff's favor.

## CONCLUSION

Plaintiff's motion for a preliminary injunction should be denied. Plaintiff is unlikely to succeed on the merits in this case and has failed to establish that Plaintiff will suffer irreparable harm or that the harm to Plaintiff outweighs the harm to HNTB should Plaintiff gain employment with a competitor of HNTB. For the forgoing reasons, Plaintiff's motion should be denied.

Respectfully submitted,

LATHROP & GAGE LLP

By: *Suzanna Morales*

Suzanna Morales   SDNY Bar #SM-0629
230 Park Avenue, Suite 2400
New York, NY 10169
Telephone: (212) 850-6251
Facsimile:  (212) 850-6221
smorales@lathropgage.com

Michael J. Abrams  MO Bar #42196
(admission *pro hac vice* pending)
Michael Lee       MO Bar #63025
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone:  (816) 292-2000
Facsimile:  (816) 292-2001
mabrams@lathropgage.com
mlee@lathropgage.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that, on this 7th day of April, 2011, the foregoing was electronically filed and served by the ECF Court filing system on the below named counsel:

Steven A. Berger
Thomas E. Hone
Berger & Webb, LLP
7 Times Square, 27th Floor
New York, NY 10036

*Suzanna Morales*
Attorney for Defendant