UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
ROBERT A. STROMSTED,                     :
                                         :
                    Plaintiff,           :   Case No.: 1:11-cv-02023-AKH
                                         :
    vs.                                  :   ECF CASE
                                         :
HNTB CORPORATION,                        :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- x

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Suzanna Morales   SDNY Bar #SM-0629
LATHROP & GAGE LLP
230 Park Avenue, Suite 2400
New York, NY 10169
Telephone: (212) 850-6251
Facsimile:  (212) 850-6221
smorales@lathropgage.com

Michael J. Abrams  MO Bar #42196
(admitted *pro hac vice*)
Michael Lee       MO Bar #63025
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
mabrams@lathropgage.com
mlee@lathropgage.com

ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

|  | Page |
|---|---|
| FACTUAL BACKGROUND | 1 |
| ARGUMENT | 3 |
| I. PLAINTIFF'S ARGUMENTS CONCERNING THE COURT'S JURISDICTION AND THE FORUM SELECTION CLAUSE FAIL TO OVERCOME HNTB'S MOTION TO DISMISS. | 3 |
| II. THE COVENANT NOT TO COMPETE HAS NOT EXPIRED BECAUSE ITS TWO YEAR DURATION BEGAN THE DATE PLAINTIFF'S EMPLOYMENT WITH HNTB WAS TERMINATED. | 5 |
| CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**CASES**

*Chase Third Century Leasing Co. Inc. v. Williams,*
  782 S.W.2d 408 (Mo. App. 1990) ............................................................................4

*Major v. McCallister,*
  302 S.W.3d 227 (Mo. App. 2009) ............................................................................3

*Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.,*
  254 F.3d 753 (8th Cir. (Mo.) 2001) ..........................................................................4

*Thibodeau v. Pinnacle FX Investments,*
  2008 WL 4849957 (E.D.N.Y. 2008) .........................................................................3

*Wells Fargo Century, Inc. v. Brown,*
  475 F. Supp. 2d 368 (S.D.N.Y. 2007) .......................................................................3

Defendant HNTB Corporation ("HNTB" or "Defendant") respectfully submits this reply memorandum of law in support of its motion to dismiss the action brought by Robert A. Stromsted ("Plaintiff"). Plaintiff's Memorandum of Law in Opposition to HNTB's Motion to Dismiss fails to demonstrate that HNTB's motion should be denied. Plaintiff avoids the paramount issue in HNTB's Motion to Dismiss and mischaracterizes the nature of the action.

As fully briefed in HNTB's Motion to Dismiss, Plaintiff's action for injunctive and declaratory relief seeking to prevent HNTB from enforcing a valid employment agreement should be dismissed for the following reasons:

- The employment agreement at issue contains a forum selection clause which is valid under applicable law. Plaintiff has brought the action in the incorrect forum, warranting dismissal.

- Even if the employment agreement is deemed terminated or expired, the agreement contains a survival clause that obligates Plaintiff to comply with the covenant not to compete.

## FACTUAL BACKGROUND

For a more complete account of the facts in this matter, HNTB refers the Court to HNTB's Motion to Dismiss, which is currently pending before the Court. Facts particularly relevant to HNTB's reply memorandum are as follows:

Plaintiff first became employed by HNTB on July 6, 2000, at which time Plaintiff executed an employment agreement. **Exhibit A** to Defendant's Motion to Dismiss, Plaintiff's Complaint, Exhibit A.

On August 13, 2005, Plaintiff was promoted to Senior Vice President. Upon Plaintiff's promotion, Plaintiff signed and executed the employment agreement at issue in this litigation ("the Agreement"). **Exhibit A** to Defendant's Motion to Dismiss,

Plaintiff's Complaint, Exhibit B.  The Agreement contains covenants not to compete, which are at issue in this litigation. **Exhibit A** to Defendant's Motion to Dismiss, Plaintiff's Complaint, Exhibit B, § 6(a)(iii).

The Agreement contains a choice of law and forum selection clause.  The relevant provision states:

> **Governing Law**:  The parties recognize that the Corporation was formed under the laws of the State of Delaware but hereby specify that this Agreement shall be governed under the laws of the State of Missouri excluding the conflicts of laws provisions thereof.  Any dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri, and the parties hereto hereby irrevocably consent to personal jurisdiction in Jackson County, Missouri, and acknowledge the convenience and propriety of the venue.

**Exhibit A** to Defendant's Motion to Dismiss, Plaintiff's Complaint, Exhibit B, § 11.

In 2009, Plaintiff was given the title of Chief Executive Officer (CEO).  The change did not result in the execution of a new employment contract as the Agreement was still in effect.

On January 14, 2011, HNTB lawfully terminated Plaintiff's employment.  In spite of Plaintiff's obligations under the Agreement, Plaintiff seeks to become employed by a competitor of HNTB, and seeks the Court's help in doing so.  On March 25, 2011, HNTB moved to dismiss the action on the grounds that the litigation must be brought in the Circuit Court of Jackson County, Missouri.  Subsequently, on April 11, 2011, Plaintiff filed its Memorandum of Law in Opposition to HNTB's Motion to Dismiss.

## ARGUMENT

I. **PLAINTIFF'S ARGUMENTS CONCERNING THE COURT'S JURISDICTION AND THE FORUM SELECTION CLAUSE FAIL TO OVERCOME HNTB'S MOTION TO DISMISS.**

"There exists a strong presumption favoring enforcement of freely negotiated choice of forum provisions." *Wells Fargo Century, Inc. v. Brown*, 475 F. Supp. 2d 368, 370–71 (S.D.N.Y. 2007). *See also, Major v. McCallister*, 302 S.W.3d 227, 229 (Mo. App. 2009) (the court, "should honor the forum selection clause unless it is unfair or unreasonable to do so.") (internal citations omitted). When a dispute arises as to the validity of the contract as a whole, a forum selection clause is still enforceable. *See Thibodeau v. Pinnacle FX Investments*, 2008 WL 4849957, *1 (E.D.N.Y. 2008) (alleging fraud in the inducement with regards to the whole contract not sufficient to prevent enforcement of a forum selection clause contained within the agreement).

Plaintiff begins its argument by discussing the Court's jurisdiction in this matter. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, page 2. Plaintiff argues that HNTB would not be subject to any bias if the matter were tried in New York, and accuses HNTB of seeking a "home field advantage" and levies allegations of "gamesmanship." *Id.* at pages 2, 3. There is no gamesmanship where a party attempts to enforce a contract as plainly written. Plaintiff makes these accusations of impropriety in an attempt to gloss over the fact Plaintiff executed the Agreement, which contains a valid forum selection clause, yet Plaintiff refuses to abide by the terms of the clause. HNTB seeks to have its bargained for contractual rights enforced, while Plaintiff seeks to circumvent its responsibilities under the Agreement.

Plaintiff further argues that HNTB's attempt to enforce the forum selection clause contained within the agreement should fail because, "it assumes that the SVP Agreement is still in effect." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, page 4. Plaintiff's argument mischaracterizes the nature of the forum selection clause.

The relevant portion of the clause reads: "*Any* dispute with respect to this Agreement or employment *shall be brought only* in the Circuit Court of Jackson County, Missouri." **Exhibit A** to Defendant's Motion to Dismiss, Plaintiff's Complaint, Exhibit B, § 11 (emphasis added). The intentional use of the terms "any," "shall," and "only" indicate that the parties are required to bring any claims in the Circuit Court of Jackson County, making this a mandatory forum selection clause. In the instant dispute, Plaintiff is challenging the validity of the Agreement, thus trigging the forum selection clause. However, Plaintiff failed to bring his action in the proper forum.

Plaintiff would have the Court render as meaningless a valid forum selection provision, enforceable under both New York and Missouri law, merely because Plaintiff claims the Agreement is invalid. However, tellingly, Plaintiff cites no law supporting its position. In fact, as established by HNTB, claiming the Agreement is void in its entirety will not allow Plaintiff to avoid the forum selection clause. *See Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. (Mo.) 2001) (holding that an allegation of fraud as to the entire contract does not prohibit the enforcement of a forum selection clause contained therein); *Chase Third Century Leasing Co. Inc. v. Williams*, 782 S.W.2d 408, 411–12 (Mo. App. 1990) (holding that allegations of disparity

-4-

in bargaining power and the use of a form contract were insufficient to overcome forum selection clause).

This is a clear instance when the forum selection clause is enforceable. The dispute concerns the Agreement, triggering the forum selection clause mandating that the action be brought in Missouri. Plaintiff instead brought the action in New York, and Plaintiff's assertion that the clause is not enforceable where the validity of the Agreement is in dispute does not hold up under the law. Plaintiff's arguments are without merit and the Court should grant HNTB's Motion to Dismiss based on the forum selection clause contained within the Agreement.

## II. THE COVENANT NOT TO COMPETE HAS NOT EXPIRED BECAUSE ITS TWO YEAR DURATION BEGAN THE DATE PLAINTIFF'S EMPLOYMENT WITH HNTB WAS TERMINATED.

Regardless of the enforceability of the covenant not to compete, HNTB's motion to dismiss should be granted because Plaintiff brought the instant action in the improper forum. Plaintiff would have the Court be distracted by its arguments concerning the validity of the covenant not to compete in an attempt to divert the Court's attention from the fact that the forum is improper.

Plaintiff argues that "HNTB's survival clause argument fails because [Plaintiff's] employment under the [Agreement] ended in February 2009 and, therefore, any enforceable two year non-compete obligation began to run at that time and expire in February 2011." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, page 6. Plaintiff's argument completely misunderstands the nature of a covenant not to compete. Covenants not to compete are designed to protect a business's interests following an individual's employment, as such, Section 6 of the Agreement specifically provides that the covenants against noncompetition continue for a period of

-5-

"two years after termination of *employment* for any reason." (emphasis added). Plaintiff was employed at HNTB until January 14, 2011, and given the plain language of the Agreement the duration of the covenant not to compete began on that date. Plaintiff would have the Court believe that the covenant not to compete was running for nearly two years while Plaintiff was employed at HNTB. Not only does this argument fail in the face of the Agreement's language, it fails in the face of logic.

## CONCLUSION

The employment agreement at issue contains a valid and enforceable forum selection provision, which Plaintiff has disregarded. For these reasons, HNTB respectfully requests that this Court dismiss the action for injunctive and declaratory relief brought by Plaintiff.

Respectfully submitted,

LATHROP & GAGE LLP

-7-

By: *(signature)* Suzanna M. M. Morales
Suzanna Morales   SDNY Bar #SM-0629
230 Park Avenue, Suite 2400
New York, NY 10169
Telephone: (212) 850-6251
Facsimile: (212) 850-6221
smorales@lathropgage.com

Michael J. Abrams  MO Bar #42196
(admitted *pro hac vice*)
Michael Lee        MO Bar #63025
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
mabrams@lathropgage.com
mlee@lathropgage.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    This is to certify that, on this 18th day of April, 2011, the foregoing was electronically filed via the ECF Court filing system with notification to the below named counsel:

Steven A. Berger
Thomas E. Hone
Berger & Webb, LLP
7 Time Square, 27th Floor
New York, NY 10036

*Suzanna M. M. Morales*
Attorney for Defendant