Steven A. Berger (SB 2038)
Thomas E. Hone (TH 7420)
BERGER & WEBB, LLP
7 Times Square, 27th Floor
New York, NY 10036
(212) 319-1900

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT A. STROMSTED, <br><br> *Plaintiff,* <br> - against - <br><br> HNTB CORPORATION, <br><br> *Defendant.* | **DECLARATION OF STEVEN A. BERGER IN SUPPORT OF ORDER TO SHOW CAUSE** <br><br> 11 Civ. 2023 (AKH) <br><br> ECF CASE |

I, Steven A. Berger, declare pursuant to 28 U.S.C. § 1746 under penalty of perjury as follows:

1.  I am a member of the bar of this Court and am a partner at Berger & Webb, LLP, counsel to plaintiff Robert A. Stromsted in this action.

2.  I make this declaration pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Civil Rule 6.1(d), in support of Mr. Stromsted's application for an order enjoining defendant HNTB Corporation ("HNTB") during this action from attempting to prohibit Mr. Stromsted from working for any competitor of HNTB based on a lapsed employment agreement that specifically related to a position he held only from 2005 to 2009, not thereafter.

3.  This application is being made by order to show cause for at least three specific reasons.

4.  First, on March 16, 2011, Justice Melvin L. Schweitzer of the Supreme Court of the State of New York, County of New York, considered and issued an order to show

78155

cause in response to the same application filed by Mr. Stromsted. Justice Schweitzer determined that an application by order to show cause was an appropriate procedure, and I respectfully submit that this Court should do the same.

5. Second, HNTB was served with the state court order to show cause and all supporting papers on March 17, 2011. Justice Schweitzer ordered HNTB to file any opposition papers by 5:00 P.M. on March 23rd and set oral argument for 10:00 A.M. on March 25th. HNTB chose not to respond to the state court order to show cause, and instead filed a notice of removal at the close of business on March 23rd. Therefore, HNTB has already had sufficient time to prepare any papers in opposition to the relief initially sought on March 17th. It does not now need the additional time normally allotted by notice of motion.

6. Finally, Mr. Stromsted has demonstrated a genuine need for the relief he seeks, and he has satisfied the legal standard for the issuance of a preliminary injunction. If a preliminary injunction is not issued, then for the next two years, possibly the duration of this litigation, Mr. Stromsted will be unable to earn a living in his profession. HNTB terminated Mr. Stromsted without cause, is not paying him not to compete, but nevertheless seeks to prevent him from working for any of its competitors based on an employment agreement that HNTB drafted and specifically states that it applies to Mr. Stromsted when he is a senior vice president, which position he held only from 2005 to 2009. In 2009, he became the CEO of HNTB and was never presented with any employment agreement to govern his new position. As demonstrated in the accompanying memorandum of law, Mr. Stromsted has shown that he will suffer irreparable harm in the absence of the injunction, a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.

7. To be clear, Mr. Stromsted has made diligent efforts to obtain employment in the infrastructure consulting engineering industry, but has been unable to find a job. Rather, he has been informed by a number of potential employers that they want to hire him, but they are prevented from doing so because HNTB is seeking to bar him from working for any of its competitors and, therefore, they would expose themselves to potential litigation with HNTB.

8. For the foregoing reasons, I respectfully submit that this application by order to show cause is appropriate.

9. There has been no prior application in this Court for the relief sought herein. As noted above, Mr. Stromsted did make the same application by order to show cause in New York state court, which Justice Schweitzer signed on March 16, 2011, prior to removal.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2011

_____
Steven A. Berger