USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ROBERT A. STROMSTED,

                              Plaintiff,

     -against-

HNTB CORPORATION,

                              Defendant.
-------------------------------------------------------------------- x

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION**

11 Civ. 2023 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant HNTB Corporation moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss this case. Plaintiff Robert Stromsted opposes the motion, and also moves for a preliminary injunction to bar HNTB Corporation from enforcing a non-competition and non-solicitation clause in his employment contract. Both motions are denied.

        HNTB Corporation is an "infrastructure firm that provides planning, design, program management and construction management services to federal, state, municipal, military and private clients throughout the United States and abroad." Compl. ¶ 3. Stromsted first joined HNTB Corporation as a Vice President in 2000. When he joined the firm, Stromsted signed a Vice President Employment Agreement. In 2005, HNTB Corporation promoted Stromsted to Senior Vice President and gave him a new contract, a Senior Vice President Employment Agreement, referred to here as the "Senior VP Agreement." Several provisions of the Senior VP Agreement pertain to the motions now before me.

        Section 18 of the Senior VP Agreement states that "[t]he provisions of this Agreement regarding the rights and obligations of the parties after termination of employment shall survive and remain in full force and effect notwithstanding termination of employment or

1

this Agreement." Section 6, dubbed "Covenants Against Competition" provides in relevant part that upon separation from HNTB Corporation, Stromsted

> shall not directly or indirectly enter into or in any manner take part in any business, profession or other endeavor that competes with the Corporation or any affiliate in the business of providing architecture, engineering, planning, design-build, or related professional services in those states where any projects for a client of the Corporation or any affiliate (or any prospective client to whom the Corporation or any affiliate has given an active proposal) is or will be located, which project was proposed or worked on by the Corporation or any affiliate during the Officer's employment with the Corporation.

Senior VP Agreement § 6(a)(iii). This non-competition and non-solicitation clause bars Stromsted from the activities set forth "for a period of 2 years after termination of employment for any reason (whether voluntary or involuntary, and whether with or without cause)." Id. § 6(a)(i). Finally, "any dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri," which is directed to apply Missouri law. Id. § 11.

In 2006, Stromsted began working out of HNTB Corporation's New York office, and in 2007 he relocated his family to the tri-state area. Since 2009, a substantial portion of his work has focused on municipal projects in the New York area. In February 2009, HNTB Corporation promoted Stromsted from Senior Vice President to Chief Executive Officer, but did not provide him with a new employment contract. Then, on January 14, 2011, HNTB terminated Stromsted without cause.

On March 11, 2011, Stromsted filed a complaint in Supreme Court, New York County, against HNTB Corporation, seeking a declaration that the Senior VP Agreement no longer bound the parties when HNTB Corporation promoted Stromsted to CEO, and an injunction barring HNTB Corporation from enforcing the non-competition and non-solicitation

2

clause. Rather than assert the forum-selection clause in Supreme Court, HNTB Corporation removed the case to this Court, invoking its original jurisdiction under 28 U.S.C. § 1332 and the statutory removal right provided by 28 U.S.C. § 1441. Notice of Removal ¶¶ 2, 3. In support of removal, HNTB Corporation represented that Stromsted is a Connecticut citizen, that it is a Delaware corporation with a principal place of business in Missouri, and that the amount in controversy exceeds $75,000. The parties then filed the instant motions.

In its motion to dismiss, HNTB Corporation contends that the forum selection clause requires litigation to proceed only in the Circuit Court of Jackson, Missouri. The use of the word "shall" in the forum selection clause, and the fact that it requires both a forum and a choice of law, means that the clause is "mandatory" under the law of this Circuit. S.K.I. Beer Corp. v. Baltika Brewery, 612 F.3d 705, 708 (2d Cir. 2010). As a rule, mandatory forum selection clauses waive the parties' rights to remove to federal court. Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009). Nevertheless, HNTB Corporation removed this case, invoking this Court's jurisdiction under 28 U.S.C. §§ 1332 and 1441 and contending that this Court is a proper venue. Having ignored its own contract and the statutory waiver of the right to remove in order to obtain jurisdiction here, HNTB Corporation may not make an about-face and seek a dismissal order based on a lack of jurisdiction. Pan Am. World Airways, Inc. v. Vetements, Inc., 08 Civ. 5480, 2010 WL 3632732, at *3 n.5 (S.D.N.Y. Sept. 16, 2010); Licensed Practical Nurses v. Ulysses Cruises, Inc., 131 F. Supp. 2d 393, 410 (S.D.N.Y. 2000); In re Rationis Enterprises, Inc. of Panama, 97 Civ. 9052, at *2 (S.D.N.Y. Jan. 7, 1999); Pirolo Brothers, Inc. v. Angelo Maffei and Figli, SAS, 87 Civ. 7561, 1989 WL 20945, at *1 (S.D.N.Y. March 2, 1989); Unity Creations, Inc. v. Trafcon Indus., Inc., 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001). The motion to dismiss is denied.

Stromsted moves for a preliminary injunction to bar enforcement of the non-competition and non-solicitation clause, arguing that the entire Senior VP Agreement was extinguished when HNTB Corporation promoted him to Chief Executive Officer. This argument lacks merit. The survival clause of the Senior VP Agreement provides that rights and obligations of the parties survive "notwithstanding termination of employment or this Agreement." Senior VP Agreement § 18. I must interpret this clause in light of the whole contract, enforcing it in accordance with its plain meaning and the purpose of the contract as a whole. Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 569 (N.Y. 2002); see also 22 N.Y. Jur. 2d Contracts § 248 (2011). Here, the meaning is plain: whether the Senior VP Agreement was terminated—which might have occurred when Stromsted was promoted—or whether Stromsted's employment was terminated altogether, the rights and obligations of the parties survive. The non-competition and non-solicitation clause is plainly one of the "rights and obligations" that falls within the terms of this clause. Stromsted cannot satisfy the threshold requirement of showing either a likelihood of success or a fair question of success as to the merits of his position on his motion for a preliminary injunction. Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 36-38 (2d Cir. 2010). The motion for a preliminary injunction is denied.

What remains to be decided is the extent to which the non-competition and non-solicitation clause should be enforced. In New York, the general rule is that such a clause may be invoked to protect an employer's goodwill, but not to punish the former employee. E.g., Columbia Ribbon & Carbon Mfg. Co., Inc. v. A-1-A Corp., 42 N.Y.2d 496, 499 (N.Y. 1977). Missouri law appears to be the same. E.g., Furniture Manufacturer Corp. v. Joseph, 900 S.W.2d 642, 647 (Mo. Ct. App. 1995). Given that HNTB Corporation has forfeited the right to enforce

4

the forum-selection clause, I must conduct a choice-of-law analysis to determine what law applies to this case.

My denial of Stromsted's motion for a preliminary injunction ruled on the continuing existence of the Senior VP Agreement. It did not rule on the enforceability and scope of the non-competition and non-solicitation clause. Expedited discovery is in order. The parties shall present a joint discovery program to me, contemplating the completion of discovery within four weeks, at a case management conference to be held May 6, 2011, at 10:00am.

The Clerk shall terminate the motions (Doc. No. 3 and 19). .

SO ORDERED.

Dated:  May 3, 2011
        New York, New York

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge