UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROBERT A. STROMSTED,                        :
                                            :
                        Plaintiff,          :        Case No.:  1:11-cv-02023-AKH
                                            :
        vs.                                 :        ECF CASE
                                            :
HNTB CORPORATION,                           :
                                            :
                        Defendant.          :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR RECONSIDERATION
## OF THE COURT'S ORDER DATED MAY 3, 2011

Suzanna Morales   SDNY Bar #SM-0629
LATHROP & GAGE LLP
230 Park Avenue, Suite 2400
New York, NY 10169
Telephone: (212) 850-6251
Facsimile:  (212) 850-6221
smorales@lathropgage.com

Michael J. Abrams  MO Bar #42196
(admitted *pro hac vice*)
Michael Lee          MO Bar #63025
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone:  (816) 292-2000
Facsimile:  (816) 292-2001
mabrams@lathropgage.com
mlee@lathropgage.com

ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

BACKGROUND ........................................................................................................... 1

ARGUMENT ............................................................................................................... 3

I.     HNTB did not waive its right to seek dismissal of plaintiff's action based on the forum selection clause when it removed the improperly filed state court action to federal court ................................................................................... 3

II.    The case law cited by the court does not stand for the proposition that a defednant waives its right to seek dismissal based on a forum selection clause when it removes an action to federal court ................................................. 7

III.   In the event the court finds that the forum selection clause has been waived, the choice of law provision contained in the agreement is still valid and enforceable ........................................................................................ 11

CONCLUSION.......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A/R Recovery, Inc. v. Columbia Ultimate, Inc.*,
  No. 06-0147-CV-W-ODS, 2006 WL 1041595 (W.D. Mo. 2006)............................................6

*Bluefire Wireless, Inc. v. Cloud9 Mobile Commc'ns, Ltd.*,
  No. 09 Civ. 7268, 2009 WL 4907060 (S.D.N.Y. Dec. 21, 2009)........................................4, 5

*Boatmen's First Nat'l Bank of Kansas City v. Am. Ins. Co.*,
  No. 89-0880-CV-W-9, 1990 WL 482121 (W.D. Mo. 1990)....................................................6

*Burlington N. & Santa Fe Ry. Co. v. Herzon Servs., Inc.*,
  990 F. Supp. 503 (N.D. Tex. 1998) ......................................................................................7

*Cross Roads R.V. Ctr., Inc. v. Textron Fin. Corp.*,
  609 F. Supp. 2d 151 (D. Mass. 2009) ....................................................................................6

*Gem Advisors, Inc. v. Corporación Sidenor*,
  667 F. Supp. 2d 308 (S.D.N.Y. 2009).................................................................................12

*Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*,
  230 F.3d 549 (2d Cir. 2000).................................................................................................13

*Haskel v. FPR Registry, Inc.*,
  862 F. Supp. 909 (E.D.N.Y. 1994) .......................................................................................5

*In re Lois/USA, Inc.*,
  264 B.R. 69 (Bkrtcy. S.D.N.Y. 2001)..................................................................................13

*In re Rationis Enterprises, Inc. of Panama*,
  97 Civ. 9052 (S.D.N.Y. March 2, 1989)...............................................................................9

*Korean Press Agency, Inc. v. Yonhap News Agency*,
  421 F. Supp. 2d 775 (S.D.N.Y. 2006)..................................................................................5

*Lambert v. Kysar*,
  983 F.2d 1110 (1st Cir. 1993)................................................................................................5

*Liberty USA Corp. v. Buyer's Choice Ins. Agency, L.L.C.*,
  386 F. Supp. 2d 421 (S.D.N.Y. 2005)...................................................................................5

*Licensed Practical Nurses v. Ulysses Cruises, Inc.*,
  131 F. Supp. 2d 393 (S.D.N.Y. 2000)...................................................................................9

*Moss v. Atlantic Coast Line R.R. Co.*,
    157 F.2d 1005 (2d Cir. 1946)........................................................................................4

*Mun. Capital Appreciation Partners I, L.P. v. Page*,
    181 F. Supp. 2d 379 (S.D.N.Y. 2002)........................................................................12

*Pan Am. World Airways, Inc. v. Vetements, Inc.*,
    08 Civ. 5480, 2010 WL 3632732 (S.D.N.Y. Sept. 16, 2010)................................9, 10

*Phillips v. Audio Active Ltd.*,
    494 F.3d 378 (2d Cir. 2007)......................................................................................13

*Pirolo Brothers, Inc. v. Angelo Maffei and Figli, SAS*,
    87 Civ. 7561, 1989 WL 20945 (S.D.N.Y. March 2, 1989)........................................9

*Polizzi v. Cowles Magazines, Inc.*,
    345 U.S. 663 (1953)....................................................................................................7

*Prestar Fin. Corp. v. Infraegis, Inc.*,
    No. SACV 09-899 AG, 2009 WL 3425348 (C.D. Cal. 2009)......................................6

*PT United Can Co. v. Crown Cork & Seal Co.*,
    138 F.3d 65 (2d Cir. 1998)................................................................................3, 4, 10

*Sharp v. Wellmark, Inc.*,
    No. 10-CV-2430-SAC, 2010 WL 4291644 (D. Kan. Oct. 26, 2010)..........................6

*Spectracom, Inc. v. TYCO Int'l, Inc.*,
    No. 03-3845, 2004 WL 2404539 (3d Cir. 2004)........................................................5

*Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A., Inc.*,
    118 F. Supp. 2d 997 (C.D. Cal. 2000)......................................................................6

*Unity Creations, Inc. v. Trafcon Indus., Inc.*,
    137 F. Supp. 2d 108 (E.D.N.Y. 2001)....................................................................8, 9

*Yakin v. Tyler Hill Corp.*,
    566 F.3d 72 (2d Cir. 2009)......................................................................................7, 8

**STATUTES**

28 U.S.C. § 1391...............................................................................................7

28 U.S.C. §§ 1441, *et seq.*................................................................................2

**OTHER AUTHORITIES**

Federal Rule 12(b)............................................................................................6

5C Wright & Miller, *Federal Practice & Procedure* § 1395 (3d ed.)............................6

Defendant HNTB Corporation ("HNTB" or "Defendant") respectfully submits this memorandum of law in support of its motion for reconsideration of the Court's order dated May 3, 2011 denying HNTB's motion to dismiss (the "Order").   HNTB respectfully suggests the Court should reconsider the Order and grant HNTB's motion to dismiss the action brought by plaintiff Robert A. Stromsted ("Plaintiff") because, under applicable law, HNTB did not waive its right to seek dismissal of Plaintiff's action based on a valid forum selection clause contained in the agreement between the parties. Additionally, the case law cited in the Order does not stand for the proposition that HNTB's removal to federal court operated as a waiver of its right to seek dismissal based on the forum selection clause.

## BACKGROUND

Plaintiff first became employed by HNTB on July 6, 2000.  On August 13, 2005, Plaintiff was promoted to Senior Vice President.  Upon Plaintiff's promotion, Plaintiff signed and executed the employment agreement at issue in this litigation (the "Agreement").  (Plaintiff's Complaint, Exhibit B).  The Agreement contains covenants not to compete that establish duties on Plaintiff upon termination of his employment with HNTB. *Id.*  In addition, the Agreement contains choice of law and forum selection clauses.  The relevant provisions state:

> **Governing Law**:  The parties recognize that the Corporation was formed under the laws of the State of Delaware but hereby specify that this Agreement shall be governed under the laws of the State of Missouri excluding the conflicts of laws provisions thereof.  Any dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri, and the parties hereto hereby irrevocably consent to personal jurisdiction in Jackson County, Missouri, and acknowledge the convenience and propriety of the venue.

(Plaintiff's Complaint, Exhibit B, § 11).

In 2009, Plaintiff was given the business title of Chief Executive Officer (CEO). The change did not result in the execution of a new employment contract as the Agreement was still in effect.

On January 14, 2011, HNTB lawfully terminated Plaintiff's employment.  In a letter sent that same date, HNTB reminded Plaintiff of his obligations under the Agreement.  (Plaintiff's Complaint, Exhibit E).

On March 14, 2011, Plaintiff filed an action seeking injunctive and declaratory relief to keep HNTB from enforcing the provisions of the Agreement.  Though the Agreement contains valid choice of law and forum selection clauses requiring any action be brought in the Circuit Court of Jackson County, Missouri, Plaintiff originally brought this action in the Supreme Court of the State of New York, County of New York.

HNTB exercised its rights under 28 U.S.C. §§ 1441, *et seq.* and removed the action to the United States District Court for the Southern District of New York, where the case is now pending.  Plaintiff did not challenge HNTB's removal of the case to federal court by filing a motion to remand.  On March 25, 2011, HNTB moved to dismiss the action on the grounds that, based on the forum selection clause, the litigation must be brought in the Circuit Court of Jackson County, Missouri.

On May 3, 2011, the Court denied HNTB's motion to dismiss.  (Court Order Dated May 3, 2011, page 3).  In the Order, the Court stated that the forum selection clause "is 'mandatory' under the laws of this Circuit." *Id.*  However, the Court denied HNTB's motion to dismiss on the grounds that HNTB waived its right to enforce the forum selection clause by removing the action to federal court. *Id.*  The Court based its ruling on an argument not raised or briefed by the parties, and which is unsupported

under the law.  The Court should reconsider the Order and grant HNTB's motion to dismiss because federal law is clear that a defendant does not waive its right to seek dismissal based on a forum selection clause by removing a case to federal court.

## ARGUMENT

**I.     HNTB DID NOT WAIVE ITS RIGHT TO SEEK DISMISSAL OF PLAINTIFF'S ACTION BASED ON THE FORUM SELECTION CLAUSE WHEN IT REMOVED THE IMPROPERLY FILED STATE COURT ACTION TO FEDERAL COURT**

The Court denied HNTB's motion to dismiss on the grounds that, by removing the underlying state court action to federal court, HNTB waived its right to seek dismissal based on the forum selection clause. (Court Order Dated May 3, 2011, page 3). However, under established law, a defendant does not waive the right to seek dismissal based on a contractual forum selection clause by removing from state to federal court.

The Second Circuit has held that a defendant's ability to challenge venue is not waived by removing from state to federal court.  In *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 69 (2d Cir. 1998), plaintiff brought an action in New York State Supreme Court, New York County.  Defendants removed the action to federal court and subsequently moved to dismiss based on *forum non conveniens*. *Id.*  In response, plaintiff argued that defendants waived their ability to challenge venue by removing the action to federal court. *Id.* at 72.

In its holding, the Second Circuit discussed the nature of the court's jurisdiction in cases of removal, asserting: "'jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction,' any defect in jurisdiction or process present in the state suit may be asserted in the district court." *Id.* at 73. (quoting and citing *Lambert Run Coal*

*Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922) (J. Brandeis)).  The Second

Circuit went on to quote Judge Learned Hand:

> When a defendant removes an action from a state court in which he has
> been sued, he consents to nothing and "waives" nothing; he is exercising a
> privilege unconditionally conferred by statute, and, since the district court
> to which he must remove it is fixed by law, he has no choice, without
> which there can be no "waiver."

*Id.* at 73 (quoting and citing *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

Since a defendant waives nothing by removing to federal court, the Second

Circuit held that, "[a] party who removes an action from state to federal court does not, in

doing so, waive the defense of improper venue as to the underlying state court action." *Id.*

*See also*, *Moss v. Atlantic Coast Line R.R. Co.*, 157 F.2d 1005, 1006 (2d Cir. 1946) (a

"defendant is not precluded from having the suit dismissed because its motion to remove

was in any sense the waiver of a right, for it has waived nothing by taking that action.").

In *Bluefire Wireless, Inc. v. Cloud9 Mobile Communications, Ltd.*, No. 09 Civ.

7268, 2009 WL 4907060, *1 (S.D.N.Y. Dec. 21, 2009), plaintiff filed its action in New

York State Supreme Court, New York County, which was removed by defendants to the

District Court for the Southern District of New York.  Subsequently, defendants moved

to dismiss for, among other reasons, improper venue based on a mandatory forum

selection clause. *Id.*  In response to the motion to dismiss, plaintiff argued that "because

Defendants removed this action from state court, they cannot now be heard to argue that

this is an improper venue." *Id.* at *4.

The *Bluefire* court held that, "the law is clear that [defendants] can nonetheless

argue that venue is improper in the state court from which the case was removed." *Id.* at

*4.  The court continued: "[h]ere, this is precisely what Defendants have done: their

argument is premised on the contention that venue is improper in any court in New York because venue is proper exclusively in [the forum established in] the forum selection clause." *Id.*  In *Bluefire*, the court determined that a defendant may remove a state action to federal court and subsequently move for a dismissal based on a forum selection clause.

Similarly, in *Korean Press Agency, Inc. v. Yonhap News Agency*, 421 F. Supp. 2d 775, 777 (S.D.N.Y. 2006), defendant removed a state court action to federal court and then moved to dismiss based on a contractual forum selection clause.  Defendant's removal of the action did not prevent the court from granting defendant's motion to dismiss based on the forum selection clause. *Id.* at 781.  *See also, Liberty USA Corp. v. Buyer's Choice Ins. Agency, L.L.C.*, 386 F. Supp. 2d 421, 426 (S.D.N.Y. 2005) (dismissing a case based on a contractual forum selection clause following removal to federal court by defendant); *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 912 (E.D.N.Y. 1994) (enforcing a contractual forum selection clause following defendant's removal to federal court).

A review of decisions from other circuits confirms the rule that a defendant does not waive the ability to challenge venue based on a forum selection clause when defendant removes to federal court.  In *Spectracom, Inc. v. TYCO International, Inc.*, No. 03-3845, 2004 WL 2404539, *2 (3d Cir. 2004), the Third Circuit held that a defendant is not precluded from moving to dismiss based on a contractual forum selection clause after removing an action to federal court.  Similarly, in *Lambert v. Kysar*, 983 F.2d 1110, 1113 (1st Cir. 1993), the First Circuit noted that, "[i]t is well settled that the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue."

*See also, Sharp v. Wellmark, Inc.*, No. 10-CV-2430-SAC, 2010 WL 4291644, *1 n.1 (D. Kan. Oct. 26, 2010) ("Defendant's removal of the action from state court does not affect a waiver of any objection to the lack of proper venue based on a forum selection clause."); *Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A., Inc.*, 118 F. Supp. 2d 997, 1000 (C.D. Cal. 2000) ("defendants have not waived their right to enforce the forum selection clause based upon their removal [to federal court]."); *Prestar Fin. Corp. v. Infraegis, Inc.*, No. SACV 09-899 AG, 2009 WL 3425348, *3 (C.D. Cal. 2009) ("defendants did not waive their right to enforce the forum selection clause based upon their removal to federal court."); *A/R Recovery, Inc. v. Columbia Ultimate, Inc.*, No. 06-0147-CV-W-ODS, 2006 WL 1041595, *1 (W.D. Mo. 2006) (enforcing a contractual forum selection clause following removal of the case to federal court by defendant); *Boatmen's First Nat'l Bank of Kansas City v. Am. Ins. Co.*, No. 89-0880-CV-W-9, 1990 WL 482121, *3 (W.D. Mo. 1990) (granting defendant's motion to dismiss based on a forum selection clause after defendant removed the action to federal court); *Cross Roads R.V. Ctr., Inc. v. Textron Fin. Corp.*, 609 F. Supp. 2d 151, 152 (D. Mass. 2009) ("[defendant] did not waive its right to assert improper venue merely by removing the case to federal court."). *Accord*, 5C Wright & Miller, *Federal Practice & Procedure* § 1395 (3d ed.) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections.").

Therefore, a broad array of federal courts, including those in the Second Circuit, have adhered to the rule that a party does not waive its right to seek dismissal based on a contractual forum selection clause by removing from state to federal court. After a diligent search, counsel for HNTB has been unable to locate a single reported or

unreported decision holding that a defendant who removes an action may not subsequently challenge venue based on a forum selection clause.[1]

Given the extensive case law provided above, HNTB did not waive its right to enforce the valid forum selection clause contained within the Agreement when it removed the improperly filed state court action to federal court.  HNTB did not choose to bring the action in the improper forum, and therefore waived nothing.  The defenses HNTB could assert in the state court are, under the above law, equally available to HNTB in federal court.  Therefore, the Court should reconsider the Order and grant HNTB's motion to dismiss based on the forum selection clause contained within the Agreement.

## II.   THE CASE LAW CITED BY THE COURT DOES NOT STAND FOR THE PROPOSITION THAT A DEFENDANT WAIVES ITS RIGHT TO SEEK DISMISSAL BASED ON A FORUM SELECTION CLAUSE WHEN IT REMOVES AN ACTION TO FEDERAL COURT

Respectfully, the case law cited by the Court to support its denial of HNTB's motion to dismiss is inapposite to the instant case and does not establish that by removing to federal court HNTB waived its right to seek dismissal based on the forum selection clause.

The Court cites *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) for the proposition that a mandatory forum selection clause waives the parties' right to remove to federal court.  In *Yakin*, an agreement between the parties contained a forum selection clause mandating that any dispute between the parties be brought in Nassau County, New York. *Id.* at 74.  Following an accident, plaintiff brought an action for negligence in

---

[1] There are cases which contain language that a defendant may not challenge venue after removal. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953); *Burlington N. & Santa Fe Ry. Co. v. Herzon Servs., Inc.*, 990 F. Supp. 503 (N.D. Tex. 1998).  However, these cases stand for the proposition that a defendant may not remove an action to federal court and then challenge venue based on 28 U.S.C. § 1391 as if the suit was originally brought in federal court.  These cases do not hold that a defendant who removes waives his right to seek dismissal based on improper venue in the underlying state court action.

Nassau County State Supreme Court, and defendant removed to federal court, which was located in Suffolk County. *Id.* at 74–75.  Plaintiff then filed a motion to remand the action back to state court in Nassau County. *Id.* at 75.

On appeal, the Second Circuit simply held that where a mandatory forum selection clause controls, a defendant may not remove the properly filed state suit to federal court. *Id.* at 76.  Importantly, in *Yakin*, plaintiff brought the underlying action in the *proper forum*, so defendant's right to remove was waived. *Id.*  *Yakin* did not address any issues regarding whether removal of an action constitutes a waiver of a forum selection clause.

When applied to the instant case, *Yakin* stands for the proposition that had Plaintiff properly filed the action in Jackson County, Missouri, as the parties agreed, HNTB would be unable to remove the action to the United States District Court for the Western District of Missouri.  Contrary to *Yakin*, where the defendant sought to move the action from the *proper* forum to an *improper* forum, HNTB did not remove the action from the proper forum.  Therefore, *Yakin* does not establish that HNTB waived its right to enforce the forum selection clause.

The Court holds that, "HNTB Corporation may not make an about-face and seek a dismissal order based on a lack of jurisdiction." (Court Order Dated May 3, 2011, page 3).  The Court cites *Unity Creations, Inc. v. Trafcon Indus., Inc.*, 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001).  In *Unity Creations*, any dispute arising between the parties was governed by a forum selection clause mandating that all actions be brought in the Supreme Court of the State of New York, County of Suffolk. *Id.* at 110.  However, plaintiff brought its claims in Nassau County Supreme Court. *Id.*  The court held that

plaintiff waived its rights under the forum selection clause when it brought the action in the incorrect forum. *Id.* at 111.

Similarly, in *Licensed Practical Nurses v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 395 (S.D.N.Y. 2000), a forum selection clause existed between the parties, providing that any disputes be brought in Florida.  However, plaintiff brought suit in New York, and thereby waived its ability to enforce the forum selection clause by bringing an action for affirmative relief in the wrong forum.  *Id.* at 410.

Additionally, the Court cites *Pirolo Brothers, Inc. v. Angelo Maffei and Figli, SAS*, 87 Civ. 7561, 1989 WL 20945 (S.D.N.Y. March 2, 1989).  In *Pirolo Brothers*, the parties agreed that any suit regarding sales commissions was to be brought in Avellino, Italy. *Id.* at *1.  After plaintiff brought a suit regarding sales commissions in New York, plaintiff argued that defendant waived its rights under the forum selection clause. *Id.* However, the court held that defendant did not waive any of its rights under the forum selection clause because it had not brought any claim covered by the clause. *Id.* at *2.  A similar result was reached in *In re Rationis Enterprises, Inc. of Panama*, 97 Civ. 9052 (S.D.N.Y. March 2, 1989).  There, a party waived its right to invoke a forum selection clause mandating that all claims be adjudicated in Seoul, Korea, when it brought a claim for affirmative relief in an improper forum. *Id.* at *12.  Similar to the other cases cited by the Court, removal was not at issue in either *Pirolo Brothers* or *In re Rationis Enterprises*.

In *Pan Am. World Airways, Inc. v. Vetements, Inc.*, 08 Civ. 5480, 2010 WL 3632732, at *3 n.5 (S.D.N.Y. Sept. 16, 2010), the court asserts that a factor evidencing a waiver of the right to enforce a contractual forum selection clause was plaintiff's

attempted removal to federal court of a separate action, which was brought in an improper forum. *Id.* However, no motion to dismiss for improper venue was asserted by plaintiff. Plaintiff's failure to seek dismissal based on the forum selection clause caused plaintiff to waive its rights under the forum selection clause. In the instant case, HNTB immediately filed a motion to dismiss based on the forum selection clause following removal. HNTB's timely filed motion to dismiss based on the forum selection clause distinguishes the instant case from *Pan. Am.*, and evidences a conclusion that HNTB has not waived its right to invoke the forum selection clause.

The cases cited by the Court are inapposite to the instant matter. Unlike the cases cited by the Court, HNTB has not sought affirmative relief in an improper forum. HNTB's removal to federal court does not constitute an affirmative act waiving the right to seek dismissal for improper venue because, as set forth by Judge Learned Hand: "[w]hen a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing. . .since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'" *PT United Can Co.*, 138 F.3d at 73. Since HNTB did not choose the incorrect forum, HNTB has not waived its ability to enforce the forum selection clause contained within the Agreement.

Respectfully, the cases cited by the Court fail to establish a rule that a defendant who removes an action to federal court waives its right to challenge the underlying claim based on a contractual forum selection clause. Therefore, HNTB respectfully requests the Court to reconsider the Court Order Dated May 3, 2011, and grant HNTB's motion to

dismiss Plaintiff's claims based on the forum selection clause contained within the Agreement.

**III.     IN THE EVENT THE COURT FINDS THAT THE FORUM SELECTION CLAUSE HAS BEEN WAIVED, THE CHOICE OF LAW PROVISION CONTAINED IN THE AGREEMENT IS STILL VALID AND ENFORCABLE**

The Court holds that: "[g]iven that HNTB Corporation has forfeited the right to enforce the forum selection clause, I must conduct a choice-of-law analysis to determine what law applies to this case." (Court Order Dated May 3, 2011, page 5).

Even if the Court determines, in the face of the law cited above, that by removing the case to federal court HNTB waived its right to enforce the forum selection clause, the choice of law clause contained within the Agreement is still valid and enforceable, and must factor into the Court's choice of law analysis.   The relevant provision of the Agreement states:

> **Governing Law**:   **The parties recognize that the Corporation was formed under the laws of the State of Delaware but hereby specify that this Agreement shall be governed under the laws of the State of Missouri excluding the conflicts of laws provisions thereof.**   Any dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri, and the parties hereto hereby irrevocably consent to personal jurisdiction in Jackson County, Missouri, and acknowledge the convenience and propriety of the venue.

(Plaintiff's Complaint, Exhibit B, § 11) (emphasis added).

The Agreement further provides that if a provision contained in the Agreement is found to be invalid, the remainder of the Agreement remains in force.   The Agreement states:

> **Severability.**   If any one or more of the provisions of this Agreement, as applied to any party or any circumstance, shall, for any reason, be held invalid, illegal, or unenforceable in any respect, then such provision shall be deemed limited to the extent that such court determines it enforceable,

and as so limited, shall remain in full force and effect.  In the event that such court shall determine any such provision, or portion thereto, wholly invalid, illegal or unenforceable, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement and this Agreement shall be construed as if such invalid, illegal or unenforceable provision shall have never been contained therein.

(Plaintiff's Complaint, Exhibit B, § 16).

"Whether a contract is entire or severable generally is a question of intention, to be determined from the language employed by the parties, viewed in light of the circumstances surrounding them at the time they contracted." *Gem Advisors, Inc. v. Corporación Sidenor*, 667 F. Supp. 2d 308, 327 (S.D.N.Y. 2009).  *See also, Mun. Capital Appreciation Partners I, L.P. v. Page*, 181 F. Supp. 2d 379, 395 (S.D.N.Y. 2002) ("the primary factor to consider is the intent of the parties as determined by a fair construction of the terms and provisions of the contract itself. . ..").  Based on the clear language in the severability clause above, the parties intended that if one provision of the Agreement was found invalid, the other provisions would remain enforceable.

The forum selection and choice of law clauses are two distinct provisions, and any Court holding that the forum selection clause is unenforceable should not affect the choice of law provision.  As an initial matter, that the clauses fall under the same heading is not determinative of whether they constitute one provision.  The Agreement provides: "[t]he titles to the Sections of this Agreement are solely for the convenience of the parties and shall not be used to explain, modify, simplify, or aid in the interpretation of the provisions of this Agreement." (Plaintiff's Complaint, Exhibit B, § 17).

Moreover, forum selection clauses and choice of law provisions serve two distinct functions in a contract.

> The choice-of-law clause does not address the court or courts in which the law is to be applied, and the forum selection clause does not address the law the chosen forum is to apply when the chosen forum. . .hears the case. Among many other things, the former goes much more to the parties' substantive rights, and the latter goes much more to the parties' litigation needs, and in particular, the place where, and procedures under which, their substantive rights are determined. A choice-of-law clause and a forum selection clause are not the same, and address different needs and concerns.

*In re Lois/USA, Inc.*, 264 B.R. 69, 101 (Bkrtcy. S.D.N.Y. 2001). *See also, Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384–86 (2d Cir. 2007) (providing that a forum selection clause goes to the situs where the litigation will take place, while a choice of law provision dictates the substantive law to be applied).

In the instant case, the Court did not determine that HNTB waived its rights under the distinct choice of law provision contained in the Agreement. The forum selection clause and choice of law provision serve two separate purposes, and the severability clause within the Agreement provides that, in this instance, if the forum selection clause is deemed unenforceable, the choice of law provision should still be applied.

Since the choice of law provision contained in the Agreement is enforceable, the Court should give the provision its proper weight. *See Phillips*, 494 F.3d at 384 ("federal courts give substantial weight to choice of law provisions"); *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000) ("New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction.") (internal citation omitted). Therefore, the choice of law provision is enforceable, and should be applied in the instant matter.

## <u>CONCLUSION</u>

The employment agreement at issue contains a valid and enforceable forum selection provision, which Plaintiff has disregarded.  Under applicable law, HNTB did not waive its right to seek dismissal of Plaintiff's actions based on the forum selection clause when it removed the improperly filed state court action to federal court. Additionally, the case law provided by the Court does not establish that by removing to federal court HNTB waived its right to seek dismissal based on the forum selection clause.  For these reasons, HNTB respectfully requests that this Court reconsider its order dated May 3, 2011 and grant HNTB's motion to dismiss Plaintiff's claims.

Respectfully submitted,

LATHROP & GAGE LLP

By:       */michael j abrams/*
       Suzanna Morales   SDNY Bar #SM-0629
       230 Park Avenue, Suite 2400
       New York, NY 10169
       Telephone: (212) 850-6251
       Facsimile:  (212) 850-6221
       smorales@lathropgage.com

       Michael J. Abrams  MO Bar #42196
       (admitted *pro hac vice*)
       Michael Lee          MO Bar #63025
       2345 Grand Boulevard, Suite 2200
       Kansas City, MO 64108
       Telephone:  (816) 292-2000
       Facsimile:  (816) 292-2001
       mabrams@lathropgage.com
       mlee@lathropgage.com

       ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that, on this 6th day of May, 2011, the foregoing was electronically filed via the ECF Court filing system and served via the ECF Court filing system to the below named counsel:

Steven A. Berger
Thomas E. Hone
Berger & Webb, LLP
7 Times Square, 27th Floor
New York, NY 10036

_/michael j abrams/_
Attorney for Defendant