Steven A. Berger (SB 2038)
Thomas E. Hone (TH 7420)
BERGER & WEBB, LLP
7 Times Square, 27th Floor
New York, NY 10036
(212) 319-1900

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT A. STROMSTED, | |
| *Plaintiff,* | |
| - against - | |
| HNTB CORPORATION, | |
| *Defendant.* | |

11 Civ. 2023 (AKH)

ECF CASE

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANT'S MOTION FOR RECONSIDERATION

78464

**TABLE OF CONTENTS**

**PAGES**

TABLE OF AUTHORITIES…………………………………………………………… ii

INTRODUCTION……………………………………………………………….....…..1

BACKGROUND…………………………………………………….......................... 1

ARGUMENT

HNTB's MOTION TO FOR
RECONSIDERATION CASE SHOULD BE DENIED………………………………...……… 2

    I.  The Legal Standard…….………………….................................……... 2

    II.  The Legal Standard Applied…..……………………………………..…. 3

    III.  New York Law Applies……...……………………………………..…. 6

CONCLUSION………………………………………………………………… 9

78466

# TABLE OF AUTHORITIES

**CASES**                                                                                                         **PAGES**

*Arakelian v. Omnicare, Inc.*, 09 Civ. 8070 (S.D.N.Y. August 18, 2010) ...............…............... 7

*Alvarez v. American Airlines Inc.*,
No. 98 Civ. 1027, 2000 WL 145746 at *1 (S.D.N.Y. Feb. 8, 2000)................................... 4

*Catlin v. United States*, 324 U.S. 229 (1945)................................................................ 4

*Colodney v. Continuum Health Partners, Inc.*,
No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)..................... 2

*Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121 (2d Cir.1999).............…..... 3

*Employers Ins. of Wausau v. News Corp.*, 439 F. Supp. 2d 328 (S.D.N.Y. 2006)................... 2

*Finkelstein v. Mardkha*, 518 F. Supp. 2d 609 (S.D.N.Y. 2007)......................................... 3

*In re Allstate Ins. Co., (Stolarz)*, 81 N.Y.2d 219 (1993)................................................ 6, 7

*In re Health Mgmt. Sys., Inc., Sec. Litig.*, 113 F. Supp. 2d 613 (S.D.N.Y. 2000).................... 3

*In re World Trade Ctr. Disaster Site Litig.*,
No. 21 MC 100 (AKH), 2008 WL 2704317, at *1 (S.D.N.Y. July 10, 2008)......................... 3

*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)............................................... 6

*Lucente v. IBM Corp.*, 310 F.3d 243 (2d Cir. 2002)....................................................... 7

*Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525 (2d Cir. 2006)................................. 7

*Nissellson v. DeWitt Stern Group, Inc. (In re UFG Int'l, Inc.)*, 225 B.R. 51 (S.D.N.Y. 1998) ...... 7

*Parrish v. Sollecito*, 253 F. Supp. 2d 713 (S.D.N.Y. 2003)............................................... 3

*Post v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 48 N.Y.2d 83 (1979)............................ 7

*Property Tax Representatives, Inc. v. Chatam*, 891 S.W.2d 153 (Mo. App. W.D. 1995)............7

*Showe-Time Video Rentals, Inc. v. Douglas*, 727 S.W.2d 426 (Mo. App. S.D. 1987)................7

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995)................................…........ 2, 3

*SIFCO Indus., Inc. v. Advanced Plating Techs., Inc.*, 867 F. Supp. 155 (S.D.N.Y. 1994)........... 7

*Superior Gearbox Co. v. Edwards*, 869 S.W.2d 239 (Mo. App. S.D. 1993)............................7

*United States Underwriters Ins. Co. v. Falcon Constr. Corp.*,
No. 02 Civ. 4179 (KTD), 2005 WL 497792, at *1 (S.D.N.Y. Mar. 3, 2005)............................ 6

*Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680 (M.D. Fla.1996)....................... 3

*Yakin v. Taylor Hill Corp.*, 566 F.3d 72 (2d Cir. 2009)................................................... 4, 5


**RULES**

Federal Rule of Civil Procedure 59(e)........................................................................ 2

Federal Rule of Civil Procedure 60....................................................................... 4

Local Civil Rule 6.3............................................................................................. 2


**TREATISE**

*Restatement (Second) of Conflict of Laws,* § 188(2) (1971)........................................... 7

## INTRODUCTION

Plaintiff Robert A. Stromsted respectfully submits this memorandum of law in opposition to the motion by defendant HNTB Corporation ("HNTB"), "pursuant to Federal Rules of Civil Procedure 60" for reconsideration of this Court's Order dated May 3, 2011, which denied HNTB's motion to dismiss this case.

## BACKGROUND

On March 16, 2011, Justice Melvin L. Schweitzer of the Supreme Court of the State of New York, County of New York, issued an Order To Show Cause in response to a request by Mr. Stromsted for an order enjoining HNTB during the pendency of the action from attempting to enforce a Senior Vice President Employment Agreement ("SVP Employment Agreement") that from August 2005 to February 2009 imposed on Mr. Stromsted, specifically as an SVP, certain post-employment restrictions including working for competitors of HNTB. HNTB had promoted Mr. Stromsted to CEO in February 2009 and never had him sign any agreement as CEO that contained any restrictive covenants.

Justice Schweitzer's Order required HNTB to file opposition papers by 5:00 P.M. on March 23rd and set oral argument for 10:00 A.M. on March 25th.  HNTB was served with Justice Schweitzer's Order and all supporting papers on March 17th.  Rather than filing opposition papers that included a forum defense on March 23rd and having oral argument on March 25th, HNTB instead chose to invoke the jurisdiction of this Court by filing a Notice of Removal at the close of business on March 23rd.

In its Notice of Removal, HNTB asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332, stating that HNTB is a Delaware corporation with a principal place of business in Kansas City, Missouri, and alleging that Mr. Stromsted is a "resident" of Connecticut (Notice of

1

Removal at ¶ 5).   HNTB's Notice of Removal also contended that the amount in controversy exceeds $75,000 (Notice of Removal at ¶ 7), but no mention was made of the forum selection clause of the SVP Agreement.

HNTB then filed a motion to dismiss the case that it had affirmatively brought to this Court.  By Order dated May 3, 2011, this Court denied HNTB's motion to dismiss.

## ARGUMENT

### HNTB's MOTION FOR RECONSIDERATION SHOULD BE DENIED

## I. The Legal Standard

Motions for reconsideration in the Southern District of New York are governed by Local Civil Rule 6.3, which states, in part, that the motion shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3.

Motions for reconsideration under Local Civil Rule 6.3 have a narrow scope and are evaluated under the same strict standard that applies to motions for reconsideration under Federal Rule of Civil Procedure 59(e).  *E.g.*, *Employers Ins. of Wausau v. News Corp.*, 439 F. Supp. 2d 328 (S.D.N.Y. 2006).

To prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision."

*Colodney v. Continuum Health Partners, Inc.,* No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at

*1 (S.D.N.Y. Aug. 18, 2004) (internal quotation marks and citation omitted).

   In this Circuit, the standard of review applicable to motions for reconsideration is

"strict, and reconsideration will generally be denied...." *Shrader v. CSX Transp., Inc.,* 70 F.3d

255, 257 (2d Cir. 1995).  The standard is strict because reconsideration is an "extraordinary

remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources." *In re Health Mgmt. Sys., Inc., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)

(quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla.1996)).

   "[A] motion for reconsideration is not a motion to reargue those issues already

considered when a party does not like the way the original motion was resolved." *Finkelstein v.*

*Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007) (internal quotation marks omitted); *see In*

*re World Trade Ctr. Disaster Site Litig.*, No. 21 MC 100 (AKH), 2008 WL 2704317, at *1

(S.D.N.Y. July 10, 2008) ("A motion for reconsideration does not provide the parties with an

opportunity to reargue issues that have already been decided just because a party is displeased

with the original outcome.").

   Thus, reconsideration under Local Rule 6.3 is available only so a court may

correct clear error, prevent manifest injustice, or review in light of newly available law or

evidence.  *See Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

   Finally, the decision to grant or deny a motion for reconsideration is within the

sound discretion of the district court.  *See Devlin v. Transportation Communications Int'l Union*,

175 F.3d 121, 132 (2d Cir.1999).

## II.  The Legal Standard Applied

   At the close of business Friday May 6, 2011, HNTB moved "pursuant to Federal

Rules of Civil Procedure 60" for reconsideration of this Court's Order dated May 3, 2011, which denied HNTB's motion to dismiss.

      Rule 60(b) applies only to "final" judgments.  The test for whether a judgment is "final" for Rule 60(b) purposes is "whether the judgment is sufficiently 'final' to be appealed." *Alvarez v. American Airlines Inc.*, No. 98 Civ. 1027, 2000 WL 145746 at *1 (S.D.N.Y. Feb. 8, 2000).  A judgment is final such that it may be appealed if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).  The Court's May 3, 2011 denial of HNTB's motion to dismiss did not end the litigation on the merits.  Because the order was not "final" and thus not a "final judgment," Rule 60(b) is inapplicable.  HNTB states no other basis for its motion.

      As noted above, Local Civil Rule 6.3 applies.  And the same strict standard applicable to Rule 59(e) (motions to alter or amend a judgment) applies to reconsideration motions.

      HNTB has failed to meet its considerable burden of demonstrating that the Court overlooked determinative matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision.

      In its decision, the Court applied the relevant facts to the applicable law and concluded that HNTB's motion to dismiss should be denied.

      This Court stated at page 3 of its opinion, "[a]s a rule, mandatory forum selection clauses waive the parties' right to remove to federal court," citing *Yakin v. Taylor Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009).

      In *Yakin*, the Second Circuit specifically stated "[t]o the extent that a forum selection clause binds diverse parties by its express terms to a specific jurisdiction that is not

federal, it waives a statutory right to remove." *Yakin*, 566 F.3d at 76 (citing 28 U.S.C. § 1441(b)).

The SVP Agreement does exactly that. It contains a forum selection clause that binds diverse parties by its express terms to a specific jurisdiction that is not federal. It states in Section 11 that "[a]ny dispute with respect to this Agreement or employment shall be brought only in the Circuit Court of Jackson County, Missouri, and the parties hereto hereby irrevocably consent to personal jurisdiction in Jackson County, Missouri, and acknowledge the convenience and propriety of the venue."

HNTB's attempt to distinguish *Yakin* misses the mark. The principle for which this Court cited *Yakin* remains. The agreement in *Yakin* stated that any disputes shall be litigated in Nassau County—without specifying federal or state court. Thus the parties agreed to a specific venue, Nassau County, not a specific jurisdiction or court within that venue. When Ms. Yakin signed the agreement Nassau County had federal and state courts. When Ms. Yakin filed her complaint in Nassau state court, that county no longer had a federal court. The defendant removed the case to the Eastern District of New York, and litigation would have proceeded in Suffolk County, had the case not been remanded. With this backdrop, the Second Circuit affirmed the remand for somewhat different reasons, and set forth principles that are applicable to Mr. Stromsted's case.

The SVP Agreement does not generally provide for venue in Jackson County at either a state or a federal court, it specifically names only the state court, "the Circuit Court of Jackson County." That is a forum selection clause that binds diverse parties to a specific jurisdiction that is not federal, thereby waiving a statutory right to remove. *See Yakin*, 566 F.3d at 76. By removing to federal court, HNTB waived its contractual right to litigate in state court

in Missouri.

HNTB fails to cite to any controlling legal authority that requires a different outcome under the facts presented by this case. HNTB has not demonstrated the necessary clear error, newly applicable law, and certainly not the prevention of manifest injustice.

This Court properly denied the motion to dismiss based on HNTB's conduct in connection with the SVP Agreement, which it solely drafted.

Consequently, this Court should exercise its discretion and deny HNTB's motion for reconsideration. *See United States Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02 Civ. 4179 (KTD), 2005 WL 497792, at *1 (S.D.N.Y. Mar. 3, 2005) (reconsideration inappropriate upon mere disagreement with ruling).

## III. New York Law Applies

This Court determined that HNTB forfeited its right to enforce the forum selection clause and concluded that it must conduct a choice-of-law analysis to determine what law applies in this case.

To the extent this Court addresses the choice-of-law issue at this stage and determines there is a conflict between New York and Missouri law, we respectfully submit that New York law should apply in this case.

A federal court sitting in diversity applies the choice-of-law rule of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

The New York Court of Appeals has held that "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *In re Allstate Ins. Co., (Stolarz),* 81 N.Y.2d 219, 223 (1993).

There appears to be a conflict between New York and Missouri law. Under New York law, because Mr. Stromsted was terminated without cause, the restrictive covenants in the SVP Agreement are unenforceable as a matter of law.[1] Under Missouri law, terminations without cause have rendered restrictive covenants unenforceable, but not necessarily as a matter of law.[2]

The New York Court of Appeals has held that, in contract cases, the "center of gravity" or "grouping of contacts" analysis is to be applied in determining the choice of law. *Stolarz*, 81 N.Y.2d at 226. This allows a court to consider a "spectrum of significant contacts." *Id.* at 225-26. In *Stolarz*, the New York Court of Appeals listed several factors which should be considered in a conflict of law analysis in a contract case. These factors include "the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties." *Id.* at 227 (citing *Restatement (Second) of Conflict of Laws*, § 188(2) (1971)).

---

[1] Courts "will not enforce a non-competition provision in an employment agreement where the former employee was involuntarily terminated." *SIFCO Indus., Inc. v. Advanced Plating Techs., Inc.*, 867 F. Supp. 155, 158 (S.D.N.Y. 1994); *see Post v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 48 N.Y.2d 84 (1979). "An essential aspect [of enforceable restraints on employee mobility] is the employer's continued willingness to employ the party covenanting not to compete." *SIFCO*, 876 F. Supp. at 158 (quoting *Post*, 397 N.E.2d at 360). Enforcing a noncompetition provision when the employee has been discharged without cause "would be 'unconscionable' because it would destroy the mutuality of obligation on which a covenant not to compete is based." *Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525, 529-30 (2d Cir. 2006) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 254-55 (2d Cir. 2002)). This rationale applies with equal force to covenants not to solicit a former employer's clients and employees; solicitation is simply a form of competition. *See Nissellson v. DeWitt Stern Group, Inc. (In re UFG Int'l, Inc.)*, 225 B.R. 51, 55-56 (S.D.N.Y. 1998) (Cedarbaum, J.); *Arakelian v. Omnicare, Inc.*, 09 Civ. 8070 (S.D.N.Y. August 18, 2010) (Crotty, J.) (declaring non-compete and non-solicitation provisions in employment agreement unenforceable as a matter of law against employee terminated without cause).

[2] *See Property Tax Representatives, Inc. v. Chatam*, 891 S.W.2d 153, 157-58 (Mo. App. W.D. 1995) (employer discharged employee without cause and rendered non-compete unenforceable); *Superior Gearbox Co. v. Edwards*, 869 S.W.2d 239 (Mo. App. S.D. 1993) (employer who terminated employee with cause could enforce non-compete); *Showe-Time Video Rentals, Inc. v. Douglas*, 727 S.W.2d 426, 431 (Mo. App. S.D. 1987) (party terminating agreement without cause was not entitled to enforce non-compete).

Applying these factors to this case, it is clear that New York law should apply.

Mr. Stromsted executed the SVP Agreement in California in 2005. HNTB executed it through Ken Graham, who has his office in Milwaukee, Wisconsin. Mr. Stromsted reported to Harvey Hammond, Executive Chair, who also has his office in Milwaukee.

The SVP Agreement was drafted solely by HNTB, with no input from Mr. Stromsted allowed.

Of critical importance is where the contract primarily was performed, and the answer is New York. Mr. Stromsted worked in New York City since 2006, during the entire time he was the CEO. Mr. Stromsted had nation-wide responsibility as CEO and spent most of his time in New York. He spent only a couple days a month in Milwaukee, and less than that, only a couple days every two months, in Kansas City. In addition, Mr. Stromsted largely supported the firm's business in New York. Moreover, HNTB admittedly has strong ties to New York, having had an office in New York City since 1922, and having purposefully increased its presence here in the last 89 years. In fact, the May 9, 2011 issue of Engineering News Record, recognized HNTB as the ENR New York Design Firm of the Year. New York State also has a materially greater interest in determining the rights of those who work in New York City than does the state of Missouri.

Essentially neutral to the analysis is that HNTB is a Delaware corporation with a main office in Missouri, while Mr. Stromsted resides in Connecticut and primarily worked in New York.

In other words, for choice of law purposes, the most meaningful contacts were with New York. Consequently, to the extent this Court chooses to address the choice-of-law issue at this stage, New York law should apply in this case. Should the Court address the issue at

a later point in time, we believe discovery will only strengthen our view that New York law should apply.

## CONCLUSION

For the foregoing reasons, Mr. Stromsted respectfully requests the Court to deny HNTB's motion for reconsideration and, if it chooses to address choice of law at this time, to determine that New York law applies in this case.

Dated:      New York, NY
            May 13, 2011

                                        **BERGER & WEBB, LLP**

                                By:    _____
                                        Steven A. Berger
                                        Thomas E. Hone

                                        7 Times Square, 27th Floor
                                        New York, NY 10036
                                        (212) 319-1900

                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This certifies that, on May 13, 2011, the foregoing was electronically filed via the ECF Court filing system with notification to the below named counsel of record:

Michael J. Abrams, Esq.
Lathrop & Gage LLP
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108

Suzanna Morales, Esq.
Lathrop & Gage LLP
230 Park Avenue, Suite 2400
New York, NY 10169

_____
Attorney for Plaintiff